## DANIEL BROLLEY *vs.* PATIENCE LAPHAM.

Proof that an instrument purporting to be under seal was signed by the person named therein is sufficient evidence of its execution to be submitted to the jury, although that person, having been called as a witness by the party seeking to prove the instrument, has testified that no seal was on the instrument when he signed it.

An agreement by the purchaser of an equity of redemption, that his grantor may use his name in resisting the foreclosure of the mortgage, is no bar to an action by such purchaser against such grantor to foreclose the mortgage.

WRIT OF ENTRY to foreclose a mortgage of land in Adams. Plea, nul disseisin. Trial in the court of common pleas, before *Briggs,* J., who signed this bill of exceptions :

" The defendant relied upon two grounds of defence : 1st. That she never executed the mortgage — but upon this ground of defence no question now arises. 2d. That the plaintiff made a writing under seal, covenanting with the defendant that he would aid her in defending against the said mortgage, which the defendant claimed was invalid, and of which the plaintiff was informed, and that the plaintiff's name might be used by the defendant in any suit or legal proceeding concerning said mortgage.

" In support of this second ground of defence, the defendant offered in evidence the following paper: ' Whereas a portion of a lot belonging to Patience Lapham, [described,] on which there

---

* *Rott* v. *Burnell,* 9 Mass. 99, and 11 Mass. 163. *Blood* v. *Wood,* 1 Met. 528

is what purports to be a mortgage for eight hundred dollars, given on the 19th day of July 1855 by said Patience Lapham and one Lydia L. Cumming to and in favor of Joshua Reed, has been conveyed by the said Patience Lapham to Daniel Brolley, one of the subscribers; the validity and amount of which mortgage the said Patience is desirous should be contested for her own benefit, or the benefit of any other person or persons who may through her become interested therein. Now therefore, in consideration of the premises, and of one dollar to us in hand paid, the receipt whereof is hereby acknowledged, we the undersigned, agree that our name or names, or the name of the said Daniel Brolley, the aforesaid grantee of said premises, and of our and his assigns, may be used as a party or parties in either the defence or prosecution of any suit or suits for either the cancelling of said mortgage or any part thereof, or in resistance of the foreclosure thereof, or in any other manner by way of resistance to said mortgage, at the risk and expense of those by whom said name or names may be used, as aforesaid. And we further agree that there shall be no interference with the legitimate use of said names for the purpose aforesaid. In witness whereof we have hereunto set our hands and seals this 19th day of December 1856.                                    Daniel Brolley [Seal.]
' Sealed and delivered in presence     James Brolley [Seal.] '
      of T. Robinson.'

" The plaintiff denied its execution; and the defendant then called the plaintiff as a witness to prove its execution, who testified that he put his name to the paper, but that it had no seal upon it at the time, and none was ever put on by his consent.

" The defendant then called John Cumming, who testified that he saw the plaintiff put his name upon the paper, but had no recollection about the seals one way or the other; that he took the paper soon after the names were put to it, how soon he could not tell, but he thought very soon, and it had been in his possession all the time till he had sent it to Mr. T. Robinson, to be used in this suit, and no alteration had been made of it while so in his possession, to his knowledge.

" The defendant then called Mr. T. Robinson, who testified

that his name as subscribing witness to the paper was in his handwriting, but that he had no recollection of the execution of the paper or of the seals one way or the other; but that, from the time the paper came into his hands from Mr. Cummings, it had not been altered, to his knowledge.

" Upon this evidence the court declined to permit the paper to be read to the jury, deciding that its execution had not been proved. A verdict was rendered for the plaintiff, and the de fendant excepts."

*J. T. Robinson,* (*T. Robinson* with him,) for the defendant. 1. The exclusion of the paper offered in evidence was erroneous. The plaintiff was estopped to deny his seal. *Adams* v. *Bean,* 12 Mass. 139. The question of the execution of the instrument should have been submitted to the jury. *Russell* v. *Coffin,* 8 Pick. 143. *Commonwealth* v. *Porter,* 10 Met. 263. *Davis* v. *Maxwell,* 12 Met. 289. *Farnum* v. *Davidson,* 3 Cush. 232. *Chase* v. *Breed,* 5 Gray, 440. 1 Greenl. Ev. § 49.

2. The paper offered was a bar to the action. *Shed* v. *Pierce,* 17 Mass. 628. *Dow* v. *Tuttle,* 4 Mass. 414. *Sewall* v. *Sparrow,* 16 Mass. 26. *Foster* v. *Purdy,* 5 Met. 442. *Harris* v. *Brooks,* 21 Pick. 195. *Dean* v. *Newhall,* 8 T. R. 168. *Harrison* v. *Close,* 2 Johns. 448.

*H. L. Dawes,* for the plaintiff. 1. It was the province of the court to decide whether the execution of the instrument had been sufficiently proved, to allow it to be read to the jury; and the decision upon that question of fact is not open to exception. Rev. Sts. *c.* 82, § 12. *Commonwealth* v. *Porter,* 10 Met. 286, 287. *Clayton* v. *Anthony,* 6 Rand. 285. *State* v. *Ladford,* 6 Ired. 5.

And the fact was rightly decided; for the evidence proved that the instrument was not executed.

2. The paper, if admitted in evidence, would be no defence to this action. *Perkins* v. *Gilman,* 8 Pick. 231. *Foster* v. *Purdy,* 5 Met. 444, 445. *Ford* v. *Beech,* 11 Ad. & El. N. R. 869. *Smith* v. *Mapleback,* 1 T. R. 446. Chit. Con. (8th Amer. ed.) 777.

Bigelow, J. The court erred in ruling that there was no proof of the due execution of the paper offered by the defendant to be submitted to the jury. Although the plaintiff denied that

there was a seal upon it when he affixed his signature to it and the subscribing witness was unable to testify to the fact, yet the instrument itself, when it was signed by the plaintiff, purported to be under seal. It was therefore on its face a direct and solemn admission in writing by the plaintiff that the instrument was then under seal, and well authorized the defendant to contend before the jury that the plaintiff, in denying that the instrument was under seal when executed by him, was either mistaken or testified falsely. A party is not estopped to affirm a fact material to the issue, because it has been denied by a witness called by himself. If it were so, he might be compelled to sacrifice his case by putting on the stand an adverse and corrupt witness whom he was obliged to call. A party may contradict, but cannot impeach his own witness. *Brown* v. *Bellows*, 4 Pick. 194.

But the ruling of the court on this point, although erroneous, was immaterial to the issue on trial, and does not entitle the defendant to a new trial. The instrument offered in evidence constituted no bar to an action on the mortgage. It was neither a release, nor a covenant not to sue the mortgage. It did not even amount to an agreement by the plaintiff that the mortgage was invalid. He did not agree that he would not foreclose it or enforce it by suit. It was only an agreement that the defendant might use the name of the plaintiff, in case she should find it necessary to do so in order to contest the validity of the mortgage. If the plaintiff has committed a breach of this agreement, the damages thereby sustained would not necessarily be equivalent to the value of the mortgaged estate. Such breach therefore could not be set up and supported as a bar to this suit in order to avoid circuity of action.

Besides, it does not appear that the use of the plaintiff's name could in any way have availed the defendant in contesting the validity of the mortgage. Every ground of defence was open to her in this action, and the jury have found that the mortgage was valid. It does not appear that the verdict would have been different, if the action had not been in the name of the plaintiff, but had been brought by the original mortgagee or any other person.			*Exceptions overruled.*