THE STATE v. McCAFFREY.

1. **Rape:** CONSENT GIVEN BUT WITHDRAWN: EVIDENCE TO SUPPORT VERDICT. Where, in a prosecution for rape, there was evidence tending to show that the prosecutrix consented to the sexual intercourse, but there was also evidence tending to show that she withdrew such consent before the act was consummated, this court cannot say that the jury was not warranted in finding that a rape had been committed.

2. ————: UPON CHILD OVER TEN YEARS OLD: WANT OF PUBERAL DEVELOPMENT AS AFFECTING QUESTION OF CONSENT. Where the prosecutrix was a child over ten years old, the statute (Code, § 3861,) presumes that she was capable of consenting to sexual intercourse. But where the evidence was conflicting as to whether or not she did consent, and as to whether or not, if she did, she did not withdraw such consent before penetration was effected, and the evidence showed an entire lack of pub-

eral development on her part, *held* that the jury might consider her want of development, not to establish her inability to consent, but, in connection with other evidence, to aid in determining whether or not she did or did not in fact consent.

3. **Instructions:** REPETITION NOT REQUIRED. Refusal to give instructions, the substance of which has been embodied in insructions given, is not error.

4. **Evidence:** ADMISSION OF: ERROR WITHOUT PREJUDICE. The erroneous admission of evidence is no ground for reversal, where the appellant could not have been prejudiced by the evidence so admitted.

*Appeal from Hardin District Court.*

FRIDAY, APRIL 25.

THE defendant was convicted of the crime of rape upon one Nettie Sackett, and sentenced to imprisonment in the penitentiary for fourteen years. He appeals.

*N. B. Hyatt*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ADAMS, J.—The prosecutrix was at the time of the alleged offense but little more than eleven years of age. She is a sister of the defendant's wife, and was at the time

1. RAPE: consent given but withdrawn: evidence to support verdict.

alone with the defendant in his house. The defendant's wife was visiting her mother in a house upon an adjoining lot, and but a few rods distant. The defendant and prosecutrix were lying together upon a bed. There had been improper familiarity between them before, but, as the evidence shows, no attempt at sexual intercourse. As to what transpired upon the bed there is a conflict in the evidence. The defendant was introduced as a witness in his own behalf, and denied that he had sexual intercourse with the prosecutrix, and denied that he made any attempt to do so. The defendant's wife was absent but a short time. When she returned, she found that the prosecutrix had suffered a severe injury, and of such a character as to indicate that she had been ravished. A physician was immediately called and an

examination made. On the trial he was called as a witness, and his testimony showed the character of the injury. He testified, in substance, that he found the flesh between the vagina and rectum torn nearly through, and to the extent of about half an inch, and that the rent extended up into the vagina, the opening after the rent was made being of sufficient size to allow penetration by an ordinary-sized man. The prosecutrix lost considerable blood, and soon after the injury fainted away. The defendant was *immediately* arrested, and after his arrest admitted that he did the injury, but stated that he did it wholly with his fingers. As a witness upon the stand, he testified substantially to the same effect. Upon the question, however, as to the means with which the injury was done, there was abundant evidence to support the verdict. The prosecutrix' testimony was full and consistent, and she was strongly corroborated by the extent and character of the wound.

I. Whatever doubt there is in the case arises upon the question as to whether the defendant did not effect the penetration, in part at least, with the prosecutrix' consent. He insists that, if the evidence does not affirmatively show such consent, it fails to show a want of consent, and so the crime of rape was not made out.

There was evidence tending strongly to show that the prosecutrix was not unwilling that the defendant should take improper liberty with her person. This he had done several times before the time of the alleged rape. At the time thereof, she readily accepted his invitation to lie on the bed with him, and allowed him to raise her dress and unbutton her drawers. She testifies, however, that afterwards she screamed and made resistance. Whether she did so before he had effected penetration is not entirely clear, but we think that there was evidence tending to show that she did. While she testifies that she did not scream until she began to feel pain, she also testifies that she screamed as soon as he gave her a push. The prosecutrix, it appears, was less than eleven

years and two months old. It also appears, both from the medical evidence and otherwise, that there was an entire want of puberal development. We think that the jury might well have believed that the pain preceded penetration, and that, if the screams and resistance followed immediately upon the pain, they preceded penetration also.

II. The prosecutrix, when on the stand, testified that at the time of the alleged offense she did not know what sexual intercourse was, and did not know what the defendant wanted.

As rebutting this evidence, the defendant introduced his wife as a witness, and offered to show by her that there was a house of prostitution across the street, and that the prosecutrix observed men going there, and spoke of it intelligently, as if she understood their purpose. The evidence was objected to by the state, and the objection was sustained.

It was not material to inquire what the character of the house across the street was. The question was as to what the prosecutrix knew, or supposed that she knew, about it; and on this point the plaintiff's wife was examined, and could not testify to anything material, farther than the mere fact that the prosecutrix spoke of men going there as if she thought it was improper. We think that the defendant had the benefit of all that his wife could testify to on the subject.

III. The court gave an instruction in these words: "A want of physical development is not evidence of a want of mental capacity or of knowledge of the nature of sexual intercourse, but it may be considered in connection with the age of Nettie Sackett and the other facts disclosed by the evidence, in determining to what extent she was capable of making resistance to an attempt to violate her person, and in connection with the indications afforded by her manner and appearance on the stand, and her testimony, and her experience and general intelligence, or lack of them, in determining the mental capacity and judgment which she had and exercised, under the circumstances, to resist an attempt, if there was an

2 ——: upon child over ten years old: want of puberal development as affecting question of consent.

attempt made, to violate her person." The giving of this instruction is assigned as error.

The idea of the court seems to have been that, while a want of physical development in a female is not evidence of a want of general mental capacity, it may, in connection with other things, be considered upon the question of the particular mental capacity and judgment involved in the matter of resistance to an attempt to violate her person. In giving this instruction, we are not able to say that the court erred.

The question is not as to whether the prosecutrix was capable of consenting. She was over ten years of age, and there is not the slightest evidence that she was imbecile. Under the statute, it is to be presumed that she was capable of consenting. Code, § 3861. The fact, therefore, that she had not reached puberty was not evidence that she was not capable of consenting. But we do not understand the court as holding that it was. The question is, did she consent, and not withdraw her consent until penetration had been effected? She was certainly guilty of strange conduct. No entirely pure-minded girl, even of her tender years and want of puberal development, could be expected to do as she did. But it does not follow from her conduct that she consented to sexual intercourse, or that she supposed that the defendant intended sexual intercourse, until he actually attempted it. She may have lacked the capacity and judgment to readily anticipate the attempt, and, as bearing upon such question, we think that it was proper for the jury to consider her want of puberal development. In other words, the jury was justified in interpreting her strange conduct somewhat in the light of the fact that she lacked puberal development, and might regard it to some extent as supporting the theory of her ignorance and innocence and want of ready comprehension. We do not understand the court as going farther than this.

Some other instructions were objected to, but the objec-

tions, we think, are disposed of by the views which we have already expressed. Several instructions asked by the defendant were refused. For the most part, it may be conceded that they express the law. But it appears to us that, so far as they do, they were covered by the instructions given by the court. The charge of the court was quite full, and seems to us to have been as favorable to the defendant as he could properly ask.

**3. INSTRUCTIONS: repetition not required.**

IV. Several objections were interposed in the course of the trial to the introduction of evidence. Possibly some evidence was admitted which was immaterial; but we are not able to see that it was of such a character that the defendant could have been prejudiced. The sentence was a severe one, but not as severe as the statute allows. The crime is a heinous one, and is not mitigated by the fact that the defendant is the prosecutrix' brother-in-law, and owed her a brother's care and protection, both in respect to her person and her morals.

**4. EVIDENCE: admission of: error without prejudice.**

We have examined the entire record and find no error.

AFFIRMED.