Murphy v. The State.

Filed Sept. 24, 1889.

———————◆———————

No. 15,016.

## MURPHY v. THE STATE.

CRIMINAL LAW.—*Rape upon Child under Twelve Years Old.—Information.*— Where an information charges rape upon a female child under twelve years of age, it is not necessary to allege that she was ravished forcibly and against her will.

SAME.—*Assault and Battery with Intent to Commit Rape.—Child under Twelve Years Old.—Resistance not Necessary to Constitute Offence.*—Under an infor-

mation charging rape upon a child less than twelve years old, there may be a conviction for assault and battery with intent to commit rape, without evidence tending to show that the defendant's advances were resisted by the child, or that she was incapable of resisting. *Stephens* v. *State,* 107 Ind. 185, overruled.

SAME.— *Touching of Person.—Failure of Proof.*—A conviction for assault and battery with intent to commit rape upon a child under twelve years of age, is not sustained where there is no proof that the defendant touched the person of the child, or that he did any act from which a touching can be inferred.

From the Sullivan Circuit Court.

*W. S. Maple,* for appellant.

*W. C. Hultz,* Prosecuting Attorney, and *O. B. Harris,* for the State.

BERKSHIRE, J.—The appellant was tried upon an information and sentenced to the State's prison for two years. The particular crime with which he was charged was that of rape upon Elsie Levitt, a female child of the age of six years. The crime for which he was convicted was that of an assault and battery with intent to commit a rape upon the said child. There was a motion to quash the indictment.

The objection made to the information was, that it did not allege that the child was ravished forcibly and' against her will.

These allegations are not necessary when the female is under the age of twelve years. In that event the law conclusively presumes that she is incapable of giving her consent, and declares the mere act of sexual intercourse a crime.

There was a motion for a new trial overruled, and an exception taken by the appellee. But one question is presented for our consideration, which is the sufficiency of the evidence to support the conviction.

We are referred to the case of *Stephens* v. *State,* 107 Ind. 185, and it is correctly contended by counsel for the appellant that, under the law as ruled in that case, the judgment should be reversed, for the reason that there is not only a failure to prove that the appellant touched the person of

Murphy v. The State.

Elsie Levitt on the occasion referred to, but if there had been evidence tending in that direction, that there was an entire absence of evidence tending to show that the advances were resisted by the child, or that she was incapable of resisting. The rule as laid down by the learned judge delivering the opinion is to the effect that to constitute an assault and battery with intent to commit a rape, the act must be accompanied with force and against the will of the female, without reference to her age. But we are not willing to adhere to that case.

The statute having made the act of sexual intercourse with a female child under twelve years of age a crime, it must follow as a logical conclusion that the abuse of her person with a view to the accomplishment of that act constitutes an assault and battery with the intent to commit a rape, if sexual intercourse does not take place.

If, under the law, a female under twelve years of age is incapable of giving her consent to the act of sexual intercourse, then she is equally incapable of consenting to all familiarity with her person that necessarily precedes the consummation of the act.

It was not the intention of the Legislature that a female under twelve years of age, because of her tender years, should be protected from an accomplished act of seduction, but left entirely unprotected from all of the defiling acts of the seducer that lead up to her seduction.

Whenever sexual intercourse is attempted with a female under twelve years of age, whether with or without her consent, there exists a felonious intent on the part of the male, and if the attempt miscarries, but in what is done there is a touching of the person of the female, it is an unlawful touching in a rude and insolent manner, and constitutes an assault and battery, and with the felonious intent which is present is an assault and battery with intent to commit a felony.

We can not imagine how it is possible for one person to

touch the person of another, intending thereby to commit a felony, without the act of touching being rude, insolent, and unlawful.

Section 1834, R. S. 1881, which reads as follows, strongly supports our conclusion : " Upon an indictment or information for an offence consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto *or of an attempt to commit the offence.*" The italics are our own.

If the rule as declared in the case of *Stephens* v. *State, supra,* is to be adhered to, then there can be a rape committed, but no criminal attempt to commit the crime if the child is under twelve years of age and does not resist, and thus an exception to this section of the statute is created, although it recognizes no exception.

We refer to the following authorities cited by counsel for the appellee, and which we have examined, and find that they support the conclusion to which we have arrived : *Hays* v. *People,* 1 Hill, 351 ; *People* v. *McDonald,* 9 Mich. 150; *People* v. *Crosswell,* 13 Mich. 427 ; *Stephen* v. *State,* 11 Ga. 225; *State* v. *Johnston,* 76 N. C. 209 ; *Commonwealth* v. *Roosnell,* 143 Mass. 32 ; *Givens* v. *Commonwealth,* 29 Grattan, 830 ; *State* v. *Cross,* 12 Iowa, 66; *State* v. *Daney,* 83 N. C. 608 ; *People* v. *Mills,* 17 Cal. 276 ; *Lawrence* v. *Commonwealth,* 30 Grattan, 845; *State* v. *McCaffrey,* 63 Iowa, 479 ; *State* v. *Tarr,* 28 Iowa, 397; *Cliver* v. *State,* 45 N. J. L. 46; *McComas* v. *State,* 11 Mo. 116.

We take the following from the case of *Campbell* v. *People,* 34 Mich. 351 : " The lesser offence of felonious assault is necessarily included in the offence of rape ; the completed offence being the aggravation of the criminal assault."

We come now to the only other question in the record : Was the evidence sufficient to support the conviction ? We are compelled to hold that it was not.

There is an entire failure of proof tending to show that

the appellant on the occasion in question touched the person of the child Elsie Levitt, or that he did any act from which such touching could be inferred. See *State* v. *Jaeger*, 66 Mo. 173.

The judgment is reversed, and cause remanded for further proceedings.

· The clerk will give the necessary notice for the return of the prisoner to the custody of the sheriff of Sullivan county.

Filed Sept. 24, 1889.