## HANES *v.* THE STATE.

[No. 19,299. Filed June 20, 1900.]

RAPE.—*Assault and Battery.—Evidence.—Intent.*—In a prosecution for an assault and battery upon a girl under the age of consent, with intent to commit rape, it was shown that defendant, a man of mature years, and of bad moral character, followed after the girl on two or three occasions as she went into the country on errands, and on one of these occasions asked her when he could see her;

Hanes *v.* State.

that he afterward followed her into a barn, took hold of her, felt her breasts and limbs, tried to raise her clothes and throw her down, and when she tried to get away told her that he would not hurt her, and told her she was the sweetest little girl in town, and to wait a minute. *Held,* that the evidence was sufficient to support a verdict finding defendant guilty of an assault and battery with intent to commit rape. *pp. 114-117.*

RAPE.—*Intent.—Evidence.—Reasonable Doubt.—*Where defendant dominated by libidinous passion met a girl under the age of consent with whom he had been seeking interviews, and, in the seclusion of a barn, took indecent liberties with her person in the prosecution of the arts of the seducer, the fact that he did not accomplish sexual intercourse, or employ greater force, is not inconsistent with a design to win her by lustful blandishments, and that he failed in the latter course does not disprove his criminal intent, nor raise a reasonable doubt as to his intention. *pp. 116, 117.*

SAME.—*Evidence.—Instructions.—*In a prosecution for an assault and battery with intent to commit rape it was shown that defendant, a man of lecherous disposition, met the prosecuting witness in a barn and took indecent liberties with her person; that he had been following the girl about for several days, attempted to make arrangements to see her privately, and had on a previous occasion met her in the barn. *Held,* that such facts reasonably tended to prove cohabitation, and were sufficient to warrant an instruction that if the jury believed from the evidence that defendant had sexual intercourse with the prosecuting witness the State's case would be made out, although the defendant denied that he had sexual intercourse with the prosecuting witness, and the evidence of the prosecuting witness was equivalent to a denial thereof. *pp. 117-119.*

SAME—*Instructions.—Intent.—*An instruction in a prosecution for assault and battery with intent to commit rape that if the jury were satisfied beyond a reasonable doubt that the defendant took hold of the prosecuting witness, it was for them to say whether or not, under all the circumstances, the intention to have intercourse with the girl was then in his mind, and that it was with that purpose, and with that intention in his mind that he laid hands upon her, is not erroneous as suggesting that any particular facts would warrant a particular inference. *pp. 119, 120.*

SAME—*Assault and Battery.—Consent.—*Any touching of the person of a female child under the age of fourteen years with intent to perpetrate upon her the act of sexual intercourse, whether forcibly and against her will, or with the voluntary submission of the child, constitutes an assault and battery within the meaning of the statute, since the child can give no consent that would make the act lawful. *p. 120.*

Hanes *v.* State.

From the Warren Circuit Court. *Affirmed.*

*James McCabe,* for appellant.

*W. L. Taylor,* Attorney-General, *C. V. McAdams, Merrill Moores* and *C. C. Hadley,* for State.

HADLEY, J.—The appellant was convicted of an assault and battery upon the prosecutrix, who was a girl under the age of consent, with intent to commit rape. The questions presented by the assignment of errors, and not waived, arise under the overruling of appellant's motion for a new trial.

It is first insisted that the conviction is not sustained by sufficient evidence, in this, that the evidence does not rise to that degree of certainty, with respect to his felonious intent, which excludes every reasonable hypothesis consistent with his innocence. There is no dispute about the law as it is clearly stated in *Cavender* v. *State*, 126 Ind. 47; but the contention is that the evidence is not so conclusive in character as to preclude a reasonable inference of innocent intent.

The evidence sufficiently proves that the prosecutrix was thirteen years of age, and lived with her grandparents, who were old and feeble. The defendant was fifty-nine years of age, of bad moral character, separated from his wife, and on two or three occasions followed after the girl as she went a short distance into the country on errands, and upon one of these occasions asked her, while she was in the presence of another girl, when he could see her. The defendant was seen at dusk in an alley near a barn on the premises where the prosecutrix lived. On July 13, 1899, he was by a neighbor seen to enter this barn and the girl soon afterward was also seen to go from the house into the barn. About ten minutes later the neighbor, who had observed them, went down the alley to the barn, and looked through a crack into the interior, but saw or heard no one. Passing on he soon returned to his house whence he had made his first observations, and in fifteen or twenty

Hanes *v.* State.

minutes the girl reappeared at her house and the defendant left the barn. On July 17th, two witnesses who reside in the neighborhood of the girl, one of whom was her relative, observed the defendant leave his place in the street and go after the girl as if following her. These two men left their office and going to their homes saw the defendant first and the girl shortly afterward go into the barn. The relative at once proceeded to the barn, vainly tried to pull open a door, saw the girl jump from the ladder leading into the mow, hurried to another door on the other side of the building, and there found the girl had escaped and was fleeing to the house and refused to stop upon his call. The witness proceeded into the stable and found the defendant in the mow and put him under arrest.

With respect to the meeting in the stable on July 13th, the girl testified in substance as follows: "I went in at the east door of the barn to get cobs, set my basket on the ground, and while I was getting cobs out of the manger with both hands, Hanes from behind grabbed me by the left arm and said, 'Just wait a minute. I won't hurt you.' He then felt my breasts and my limbs and tried to raise my clothes and tried to throw me down. I stood with my back to him and held onto the manger. He tried to throw me down but didn't try with very much force. He took hold of both my arms with both his hands but I held onto the manger. He then let loose of one hand and took hold of my clothes at the side and raised them a little above my knees, and I just kind of pulled them down. He kind of hurt me when he grabbed my arm. He kind of put his face to mine and said four or five times he would not hurt me and told me I was the sweetest little girl in town and to wait a minute. I don't remember anything else he said and I jerked away from him and went into the house. There was nobody at the house but my grandpa and I did not tell him what had happened and I didn't tell my grandmother until after Hanes was arrested", which was on July 17th.

With respect to his presence in the barn on the 13th and 17th of July, the defendant, in substance, testified that he was there on both occasions to meet other women; on the 13th to meet the mother of the girl, and on the 17th another woman living two squares away, and without any appointment with either woman. And it appeared from the evidence that the mother of the girl had not been in the town since the previous March. That on both occasions while in the barn, as defendant stated, he saw the girl leave the house and to avoid her seeing him he each time went up into the mow, and did not see nor speak to her in the barn on either occasion.

Intent is a mental function, and, where not consummated, it is impossible to know with absolute certainty what was operating in the actor's mind, and in such cases it must be arrived at by courts and juries from a consideration of the conduct and the natural and usual sequence to which such conduct logically and reasonably points. Appellant's counsel does not inform us of any intent of his client that appears consistent with his innocence. It is, however, contended that the fact that he did not accomplish. sexual intercourse, or employ greater force, should be accepted as sufficient evidence that he did not intend it. This contention by no means reaches the question. We think it is apparent that he did not intend to subject the prosecuting witness to his will by force, but if his purpose was to gain her voluntary submission by a course of lascivious conduct towards her, he was none the less guilty. The evidence is that she pulled away from him and went to the house. That he did not employ his power to hold her and coerce her as he might is not inconsistent with a design to win her by lustful blandishments, and that he failed in the latter course by no means disproves his criminal intent, or of itself raises a reasonable doubt. The girl had no power to consent, and her voluntary submission to him would have been as much his crime as her forceable subjection.

Hanes v. State.

We have no positive evidence of the appellant's intent, and, as in most criminal cases, it must be inferred from the the facts proved. The evidence shows that the appellant is a confessed libertine, living apart from his wife; that he had followed the prosecutrix to the country on two or three occasions, and upon one of them, in the presence of another, had requested an appointment with her. According to his own statement he was so swayed by his libidinous passion as to be twice led to the barn, without any appointment, but in the mere hope of an opportunity for gratification. While thus dominated by lecherous desire he met the girl he had followed, and with whom he had been seeking interviews. He at once laid hands upon her in the seclusion of the barn, and commenced a prosecution of the arts of the seducer. This he continued until she tore away and left him. His character, his conduct, his evident frame of mind, the place, the nature of his words and the indecent liberties taken of the person of the girl fully warranted the jury in finding a guilty intent to be the only rational conclusion.

The tenth and eleventh instructions given to the jury are complained of. By the eleventh, the court, in substance, advised the jury that if, after considering all the evidence, they should be satisfied that the defendant did actually have intercourse with the prosecuting witness on the occasion upon which the State claims the crime took place, the State's case would be made out; that it would not defeat the State's case that the jury should be satisfied that the crime actually took place, because included in the crime of rape is the crime of assault and battery with intent to commit a rape. The tenth instruction is to the same effect. That the law is correctly stated in these instructions, see *Polson* v. *State,* 137 Ind. 519.

But it is insisted that the instructions were erroneous because of the entire absence of evidence that the defendant had sexual intercourse with the girl. Instructions

should be relevant to the issues and pertinent to the evidence, and if an instruction is given concerning a fact or set of facts, to which no evidence has been adduced, it will be reversible error unless it clearly appears that the party affected was not harmed thereby. *Reed* v. *State,* 141 Ind. 116, 122; *Pelley* v. *Wills,* 141 Ind. 688; *Robinson* v. *State,* 152 Ind. 304.

But we are unable to grant that there was no evidence before the jury tending to prove sexual intercourse. There was no direct evidence of that fact and a positive denial by appellant and evidence equivalent to a denial by the prosecuting witness. But the State was not bound by the testimony of the prosecutrix. While the State could not impeach its own witness, nor contradict her by other witnesses for the purpose of discrediting her testimony, yet it was undoubtedly competent for the State to prove by other evidence the existence of a fact denied by its witness, even though such other evidence had the effect of discrediting the witness. Rapalje on Witnesses, §214; 1 Greenleaf on Ev. (13th ed.), §443; *Rockwood* v. *Poundstone,* 38 Ill. 199; *Thorn* v. *Moore,* 21 Iowa 285, 290; *Cronan* v. *Roberts,* 65 Ga. 678; *Brown* v. *Osgood,* 25 Me. 505, 510; *Brolley* v. *Lapham,* 79 Mass. 294, 297; *Olmstead* v. *Bank,* 32 Conn. 278, 287; *Brown* v. *Wood,* 19 Mo. 475; *Seavy* v. *Dearborn,* 19 N. H. 351, 355; *Skellinger* v. *Howell,* 8 N. J. L. 383; *Thompson* v. *Blanchard,* 4 N. Y. 303, 311; *Hunter* v. *Wetsell,* 84 N. Y. 549, 556.

Here the evidence tended to show that the defendant had for several days been following the girl about as if his purposes were meeting with encouragement. He was of lecherous disposition as shown from his own testimony. The jury had a right to believe that the meeting of the two at the barn on the 13th and 17th of July was by appointment, and the right further to believe that they remained together undisturbed in the mow of the barn for fifteen or twenty

minutes on July 13th, the date upon which the crime is charged. It is not material that we decide, and we do not decide, that the inference arising from such facts, if satisfactorily established, would be sufficient to sustain a conviction for rape, but such facts gave color and reasonably tended to prove cohabitation, and were sufficient to authorize the instruction of which appellant complains. *Reed v. State,* 141 Ind. 116, 122.

Complaint is also made of instruction thirteen. By it the court informed the jury in substance that the law justified them in concluding that a man intends the natural and reasonable consequences of his own acts. However, it was solely a question for them to say whether or not an intention to do a particular thing is proper to be drawn from a particular act shown, and if they should be satisfied from the evidence, beyond a reasonable doubt, that the defendant did take hold of the prosecuting witness, it was for them to say whether or not, under all the circumstances, the intention to have intercourse with the girl was then in his mind, and that it was with that purpose and with that intention in his mind that he laid his hands upon her, remembering all the time that they were the judges of the fact; that it was for them to say whether or not that fact did exist in the case; and that it was for them to say, if it did exist, what the proper inference to be drawn from it was, remembering all the time that all reasonable doubts arising in the case were to be resolved in favor of the defendant.

We are unable to see any infirmity in this instruction of which appellant can complain. It very clearly advised the jury that, whether an inference to do a particular thing may be properly drawn from a particular act shown was solely a question for them to determine, and if they found, beyond a reasonable doubt, that the defendant laid hands upon the girl, it was then *for them to say,* from all the circumstances, whether the intent to have intercourse with the girl was then in his mind, that is, when he laid hands upon her, and whether it was with that purpose and with that

Hanes *v.* State.

intention that he did lay hands upon her. We fail to perceive in the language used a suggestion anywhere that any particular facts will warrant a particular inference. And this is the only argument against it.

Appellant also challenges that part of the tenth instruction which follows: "And if the State has satisfied you beyond a reasonable doubt that the defendant either had sexual intercourse with this prosecuting witness, or that he laid his hands upon her with the intent and purpose of having sexual intercourse with her, and that she was under fourteen years of age, they have made out a case." The point of insistence is that, "there can be no assault and battery where it is perpetrated with the consent of the person assaulted."

Section 1990 Burns 1894, §1917 Horner 1897, reads as follows: "Whoever unlawfully has carnal knowledge of a woman forceably against her will, or a female child under fourteen years of age, is guilty of rape, and upon conviction thereof," etc. When perpetrated against a female child under fourteen years of age, consent or nonconsent forms no element of the crime. The crime is the same whether committed forceably and against the will or with the voluntary submission of the child. In either case it is a felony. Furthermore, any touching of the person of a female child under the age of fourteen years, with intent to perpetrate upon her the act of sexual intercourse, is, and necessarily must be, in legal contemplation, without her consent, for she can give no consent that will make the act lawful. Hence any indecent liberties taken of the person of the child, in the prosecution of that intent and purpose, is unlawful, and rude and insolent, to say the least of it, and clearly within the definition of assault and battery.

This court has heretofore decided this question adversely to appellant in *Murphy* v. *State,* 120 Ind. 115, and with the ruling in that case we are fully content. We find no error in the record.

Judgment affirmed.