## UNDERHILL v. STATE OF INDIANA.

[No. 23,707.   Filed March 18, 1921.   Rehearing denied May 19, 1921.]

1.  CRIMINAL LAW.—*Rape.—Elements.*—Where defendant was indicted for having carnal knowledge of a feeble-minded woman and in a second count for having carnal knowledge of a female child under sixteen, each count of the indictment included a charge of assault and battery with intent to commit the felony of rape. p. 560.

2.  CRIMINAL LAW.—*Rape.—Conviction for Assault and Battery with Intent.*—Where defendant was indicted for having carnal knowledge of a feeble-minded woman and in a second count for having carnal knowledge of a female child under sixteen, and defendant went to trial upon a plea of not guilty to both counts, without requiring the state to elect, a verdict finding defendant guilty of an assault and battery with intent to commit a felony, was a finding of guilty on both counts. p. 560.

3.  CRIMINAL LAW.—*Appeal.—Questions Reviewable.—Objections to Evidence.—Failure to Reserve Exceptions.*—Objections to evidence will not be considered on appeal where no exceptions were reserved to the rulings thereon. p. 561.

4. CRIMINAL LAW.—Appeal.—Review.—Objections to Evidence.—Scope of Review.—Objections to evidence not made in the trial court will not be considered on appeal. p. 562.

5. CRIMINAL LAW.—Appeal.—Questions Reviewable.—Objections to Evidence.—Definiteness.—When objections are made to the admission of evidence, the grounds of objection must be fully and definitely stated, and an objection that evidence is incompetent, irrelevant and immaterial is too indefinite to present any question as to its admissibility. p. 562.

6. CRIMINAL LAW.—Trial.—Incomplete Instructions.—Failure to Request Broader Instructions.—In a prosecution for having carnal knowledge of a feeble-minded woman, the giving of an instruction incompletely defining the term "feeble-minded" is not ground for reversal, where defendant failed to request a broader instruction. p. 562.

7. R A P E.—Statutory Rape.—Elements.—Consent.—Force.—Resistance.—Under §2250 Burns 1914, Acts 1913 p. 267, designating as "rape" carnal knowledge of a female child under sixteen years of age or of an insane, epileptic, idiotic, feeble-minded woman, or a pauper inmate of a poor asylum or an inmate of certain penal institutions, the question of consent is not involved, and neither force upon the part of the man, nor resistance upon the part of the woman forms an element of the crime. p. 563.

8. R A P E.—Statutory Rape.—Indictment.—Force.—Consent.— Where an information charges rape upon a female child under the age of sixteen years, it is not necessary to allege that she was ravished forcibly and against her will, as the law conclusively presumes that she is incapable of giving her consent, and declares the mere act of sexual intercourse a crime. p. 564.

9. RAPE.—Statutory Rape.—Assault and Battery with Intent to Commit Rape.—The statute (§2250 Burns 1914, Acts 1913 p. 267) having made the act of sexual intercourse with a female child under sixteen years of age a crime, the abuse of the person in an attempt to accomplish that act constitutes an assault and battery with intent to commit rape, if sexual intercourse does not take place. p. 564.

From Union Circuit Court; Raymond S. Springer, Judge.

Prosecution by the State of Indiana against Alfred C. Underhill. From a judgment of conviction, the defendant appeals. Affirmed.

*George W. Pigman, Henry N. Spaan* and *Robbins & Weyl,* for appellant.

*Ele Stansbury,* Attorney-General, and *Remster A. Bingham,* for the state.

WILLOUGHBY, C. J.—The appellant was indicted by the grand jury of Wayne county, Indiana, for a violation of §2250 Burns 1914, Acts 1913 p. 267. The venue was changed to Union county, where the trial was had. The indictment was in two counts, the first charging carnal knowledge of one Elsie Reck, a feeble-minded woman; the second charging carnal knowledge of said Elsie Reck and that she was a female child under sixteen years of age. There was no motion to quash and no attack made on the sufficiency or form of the indictment, and no motion was made to require the state to elect upon which count it would proceed to trial or rely upon for conviction.

The appellant entered a plea of "not guilty" and a trial by jury resulted in a verdict finding appellant guilty of assault and battery with intent to commit a felony, and that his age was forty-eight years. The court pronounced judgment on the verdict. From this judgment, appellant appeals and assigns as error, that the court erred in overruling his motion for a new trial.

Each count of the indictment included a charge of assault and battery, with intent to commit the felony of rape. Ewbank, Criminal Law §771. *Gordon* v. *State* (1912), 177 Ind. 689, 98 N. E. 627. The appellant contends that the verdict of the jury was contrary to law, and was not sustained by sufficient evidence. The appellant without objection and without making any motion to require the state to elect went to trial upon a plea of "not guilty" to both counts of the indictment. The verdict finding the appellant guilty of an assault and battery with intent to commit a felony,

was a finding of guilty on both counts.   Ewbank, Criminal Law §266; *Vancleave* v. *State* (1898), 150 Ind. 273, 49 N. E. 1060.

It is claimed by appellant that the verdict is not supported by sufficient evidence, especially as to the second count, because he claims that the evidence shows that the prosecuting witness, Elsie Reck, became sixteen years of age on February 11, 1917, and that the evidence does not show or tend to show that he had intercourse with her prior to that date.   In this appellant is mistaken.   Lilly Reck, sister of said Elsie Reck, testified that she saw the appellant in January, 1917, in appellant's barn, on the New Paris pike, have intercourse with said Elsie Reck.

It is not necessary to set out all the evidence in its disgusting details, but we have examined it and find that every essential element of the offense charged in each paragraph of the indictment is amply supported by the evidence.

The appellant contends that the court erred in requiring Ruth B. Underhill, a witness testifying in behalf of the appellant, to answer certain questions

3.   propounded to her in cross-examination by the prosecuting attorney.   An examination of the record shows that objections were made by appellant to such questions, and that the objections were overruled, but it does not show that any exceptions were reserved by the appellant to such rulings of the court.

The appellant also claims that the court erred in overruling certain objections made by appellant to a question propounded to a witness named Clessie Kendall. In this instance the record fails to show any exception to the ruling of the court.

The appellant further contends that the court erred in permitting counsel for the state, over the objection

of appellant, to propound to Clement V. Carr the following question: Q. "I will ask you if, at the time, in response to that question, this young girl stated that her father was not residing at that residence but had a room and was living at a room on Main street in the city of Richmond?"    A.    "Yes sir."

The appellant in his brief claims that this question and the answer so elicited were irrelevant, immaterial and incompetent and tended to prejudice the jury against the appellant and prevent the appellant from having a fair and impartial trial before the jury.

But appellant does not point out any reason why this question and answer is harmful to appellant.    The objections to said question and answer set forth in appellant's brief are not the same as those presented to the trial court.    Objections to evidence not made in the trial court will not be considered on appeal.    *Musser* v. *State* (1901), 157 Ind. 423, 61 N. E. 1.    The objections stated in appellant's brief are not sufficient to present any question.    When objections are made to the admission of evidence, the grounds of the objection must be fully and definitely stated; and an objection that evidence is incompetent, irrelevant, and immaterial is too indefinite to present any question as to the admissibility of the evidence.    *Indianapolis, etc., Traction Co.* v. *Howard* (1920), *ante* 97, 128 N. E. 35, and cases cited there.

Appellant also insists that the court erred in giving of its own motion instruction No. 14, as follows:    "The court instructs you in this case that a feeble-minded person, is one whose mind is weak, or who is wanting in mental strength and vigor."

Appellant says that "this instruction comes far short of defining the term 'feeble-minded' as used in the statute upon which the indictment in this case is based."    The objection to this instruction

is that it is incomplete. It has been held that when the
defendant in a criminal case was not satisfied with an
instruction given and desired a more complete, exact and
broader instruction on the subject, he should have ten-
dered one and requested the court to give it, and if the
court refused to do so and it appeared that he was
harmed thereby he would then have ground for a re-
versal. *Corn* v. *State* (1912), 177 Ind. 158, 97 N. E.
421; *Harris* v. *State* (1900), 155 Ind. 265, 58 N. E. 75.
See also, *Colondro* v. *State* (1919), 188 Ind. 533, 125 N.
E. 27. In the instant case no instruction was tendered
by appellant and he cannot now complain that the in-
struction was not full and complete. See, Ewbank,
Criminal Law §767; *Crum* v. *State* (1897), 148 Ind.
401, 47 N. E. 833.

The statute upon which this prosecution is founded
in §2250 Burns 1914, *supra,* and provides that: "Who-
ever unlawfully has carnal knowledge of a
7. woman forcibly against her will, or of a female
child under sixteen years of age; or whoever, be-
ing over seventeen years of age, has carnal knowledge
of a woman, other than his wife, which woman is in-
sane, epileptic, idiotic, feeble-minded or a pauper inmate
of a poor asylum, he knowing of such condition of such
woman; or whoever, being over seventeen years of age,
has carnal knowledge of a woman who is an inmate of
the woman's prison or the Indiana industrial school for
girls, is guilty of rape  *  *  *."

It will be observed that, by the terms of this statute,
carnal intercourse with certain classes of persons is
designated as rape, and feeble-minded women belong to
one of the classes so named. In such cases the question
of consent is not involved. In rape upon such persons
neither force upon the part of the man, nor resistance
on the part of the woman, forms an element of the crime
under the statute.

When an information charges rape upon a female child, under sixteen years of age, it is not necessary to allege that she was ravished forcibly and against her will. When the female is under the age of sixteen years the law conclusively presumes that she is incapable of giving her consent, and declares the mere act of sexual intercourse a crime. *Murphy* v. *State* (1889), 120 Ind. 115, 22 N. E. 106.

The statute having made the act of sexual intercourse with a female child under sixteen years of age a crime, it must follow as a logical conclusion that the abuse of the person in an attempt to accomplish that act constitutes an assault and battery with intent to commit a rape, if sexual intercourse does not take place. If, under the law, a female under sixteen years of age is incapable of giving her consent to the act of sexual intercourse, then she is equally incapable of consenting to all familiarity with her person that necessarily precedes the consummation of the act. *Murphy* v. *State, supra.* See also, *Hanes* v. *State* (1900), 155 Ind. 112, 57 N. E. 704.

Following the rule laid down in *Hanes* v. *State, supra,* in case of rape on a female child under sixteen years of age, we conclude that where the female is feeble-minded or an inmate of the woman's prison, or the Indiana industrial school for girls, epileptic, idiotic, or a pauper inmate of a poor asylum, it need not be alleged or proved that the intercourse was forcibly against her will. Any touching of the person of a woman who is insane, epileptic, idiotic, feeble-minded, a pauper inmate of a poor asylum, or an inmate of the woman's prison, or the Indiana industrial school for girls, with intent to perpetrate upon her the act of sexual intercourse whether forcibly and against her will or with the voluntary submission of such person, constitutes an assault and battery within the meaning of the statute, because

such person can give no consent that will make the act lawful.

We have examined all questions properly presented by appellant's brief and find no reversible error. Judgment affirmed.

Townsend, J., absent.