## ECKERT v. STATE OF INDIANA.

[No. 24,712.  Filed April 8, 1925.  Rehearing denied March 18, 1926.]

1. CRIMINAL LAW.—*Evidence held sufficient to sustain conviction for assault and battery with intent to commit rape within the county of the prosecution.*—Evidence held sufficient to sustain conviction for assault and battery with intent to commit rape, as defined in §2417 Burns 1926, §2240 Burns 1914, including the venue of the action, although there was evidence that the crime of rape was committed in another county. p. 413.

2. RAPE.—*Neither force nor lack of consent is element of crime of assault and battery with intent to rape a fourteen year old girl.*—Neither force nor lack of consent is an element of the crime of assault and battery with intent to commit rape on a girl only fourteen years of age. p. 418.

3. RAPE.—*Act of accused in taking hold of fourteen year old girl's leg, under the circumstances shown by the evidence, held sufficient to warrant inference of intent to commit rape.*—The act of taking hold of the calf of the leg of a fourteen year old

girl, while fondling her on the floor of an enclosed truck, constituted evidence warranting an inference of intent to commit rape where that act was soon after committed.  p. 418.

4.  RAPE.—*Evidence of sexual intercourse in another county soon after accused had fondled a fourteen year old girl in the back part of enclosed truck properly admitted to show intent to commit rape in county of prosecution.*—Where accused, after fondling a fourteen year old girl on the floor of an enclosed truck, was driven into another county, where act of sexual intercourse took place, evidence of such act was properly admitted as tending to show intent to have intercourse with her, which would constitute rape, the fact that it was committed in another county would not affect its probative force relative to such intent.  p. 418.

5.  CRIMINAL LAW.—*Felonious intent may be shown by proof of acts of accused so connected with offense charged as to clearly manifest his purpose, wherever they may have been done.*—Felonious intent may be shown by proof of acts of the defendant so connected with the offense charged as to clearly manifest his purpose, wherever they may have been done.  p. 419.

6.  RAPE.—*Question of felonious intent while fondling a fourteen year old girl was for the jury.*—In a prosecution for assault and battery with intent to commit rape on a fourteen year old girl, the question whether the defendant had the felonious intent while fondling the girl previous to his commission of rape upon her was for the jury.  p. 419.

From Huntington Circuit Court; *Sumner Kenner,* Judge.

Paul Eckert was convicted of assault and battery with intent to commit rape, and he appeals.  *Affirmed.*

*Charles R. Heller,* for appellant.

*U. S. Lesh,* Attorney-General and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

EWBANK, J.—Appellant was prosecuted on the charge that at a time named, in Huntington county, in the State of Indiana, he made a felonious assault upon W. H., a female child only fourteen years old, and committed a rape of her person.  The jury returned a verdict finding that he was guilty of assault and battery with intent to commit rape, and that he

was twenty-three years old.    Overruling his motion for a new trial is assigned as error.    By several specifications in the motion, appellant challenges the sufficiency of the evidence to sustain the verdict, particularly as to the venue of the action.    The prosecuting witness testified circumstantially and specifically that, while driving a Ford delivery truck with appellant and another young man and a girl, the truck was stopped beside the road, and that appellant had sexual intercourse with her in the back part of the car; and the other girl of the party testified to the same facts.    But there was no direct evidence that this took place in Huntington county, and, on cross-examination, the prosecuting witness said that they had driven across the line into Wabash county before the act was consummated.    However, on her examination in chief, she had testified that she and the other girl climbed into the delivery truck at the bridge across the Wabash river, half a mile north of the town of Andrews, in Huntington county, Indiana, that the only seat in the truck was the one for the driver, up in front; that the truck was enclosed at the top, sides and rear, with doors at the rear end which were fastened from the outside; that she and appellant climbed in through the rear doors, which were then shut and fastened by the other young man, who sat in the front seat with a girl companion and drove the car; that it was driven north, and before they reached the interurban station, appellant began fondling the witness, and, as they drove along, he continued to have his arm around her and took hold of her leg with his hand; that this occurred in Huntington county, Indiana; that after driving north some distance, they drove west to a church, which she testified was in Huntington county, and then south half a mile, where they stopped by the road until after dark, when the intercourse took place in the back part of the

truck.  Upon these facts, they would still be in Huntington county at the time the rape was consummated. But she testified that they afterward drove to the bridge at Belden, half a mile west of the county line, and there crossed the river, and then drove east to Andrews.  And, on cross-examination, she said that after they turned south from the church, they again turned west, and drove across into Wabash county, and that the place where the car was stopped was in Wabash county, and that she did not "have any actual intercourse" with appellant while in Huntington county. The other girl also traced their route south from the church, and then west half a mile, where she said they stopped, the road that runs south from the church being, as we understand, much more than half a mile east of the county line.  But she testified that they drove south to the Belden bridge, and, on cross-examination, said that after driving south from the church, "when they got down there, they were in Wabash county," and that the road where they stopped runs north and south, and not east and west.  Some of this testimony would fix the place where intercourse took place as being in Huntington county.  But assuming that the crime charged was not consummated until after the parties had crossed the county line, the evidence was ample to sustain the inference which the jury drew that, while they were still in Huntington county, appellant unlawfully touched the girl in a rude and insolent manner, with intent to ravish her.  His act of hugging her and taking hold of her in the way he did, followed as it was by his other acts, supports that inference.  *Murphy* v. *State* (1889), 120 Ind. 115, 22 N. E. 106; *Hanes* v. *State* (1900), 155 Ind. 112, 57 N. E. 704; *Gordon* v. *State* (1912), 177 Ind. 689, 98 N. E. 627; *Underhill* v. *State* (1921), 190 Ind. 558, 564, 130 N. E. 227.  And since he was only found "guilty of assault and battery with

intent to commit rape," and was sentenced only to imprisonment for not less than two nor more than fourteen years, as provided by §2417 Burns 1926, §2240 Burns 1914 (Acts 1905 p. 584, §352), and not to suffer the far greater penalty for rape prescribed by §1, ch. 148, Acts 1921 p. 374, we hold that the evidence sufficiently proves the venue, as well as the other elements of the crime.

The judgment is affirmed.

## ON PETITION FOR REHEARING.

EWBANK, C. J.—The only question presented for consideration by the assignment of errors and the "points" in appellant's brief, and the only question discussed in the brief, was whether or not there was evidence sufficient to prove that appellant committed an assault and battery on a girl fourteen years old, in Huntington county, Indiana, with the intent to commit rape. The prosecuting witness and her girl companion both testified that appellant had sexual intercourse with her just after dark, on the evening of June 3, 1923, in the enclosed part of a Ford delivery truck while it was stopped at the side of the road a few miles from where they lived, at Andrews, Indiana, which is in Huntington county. The boy who drove the truck testified positively that the place where it was stopped was in Wabash county (though denying that any intercourse took place there), and both the girls admitted, on cross-examination, that they had driven across the line into Wabash county before the act was consummated. But the undisputed evidence was that appellant and the prosecuting witness climbed into the back part of the delivery truck at about six o'clock in the evening of that day, that the rear doors were then closed and fastened, completely shutting them in, and that they sat on the floor of the car, back there, while it was driven north

and then west to a point some distance from Andrews. And the prosecuting witness testified that appellant put his arm around her before they had reached the interurban station at Andrews, that they drove north two squares and during that time he continued to have his arm around her and put his hand on the calf of her leg, and she answered "Yes, sir," to the question, "Tell the jury whether the touching of the leg and the hugging of your person occurred in Huntington county, Indiana." She testified that it was about six o'clock on the evening of June 3, 1923, when the boys drove up and asked the girls to ride, and that they drove out into the country and waited until after dark, when he and she again climbed into the back part of the truck, and that appellant had intercourse with her in there just after dark that same evening, as he is alleged to have intended to do when he touched her earlier in the evening in Huntington county.

Through inadvertence, appellant's request for an oral argument was overlooked, and a decision affirming the judgment was announced without hearing such an argument. Asking that the decision be set aside and argument heard, appellant propounds as the questions to be discussed: (a) Whether or not there was any evidence that appellant touched the girl unlawfully in Huntington county; (b) whether or not the evidence of what he did after they had crossed into Wabash county can be considered on the question of his intent when he put his arm around her and put his hand on her leg in Huntington county; and (c) whether or not the fact that later the same evening, he actually had sexual intercourse with the girl (if competent on that question) supports an inference that he touched her with that intent when he took hold of her in the manner as stated.

The girl being only fourteen years old, as was shown

by undisputed evidence, neither force nor lack of consent was an element of the crime for which appellant was convicted. That being true, this court does not deem the answer to either of the above questions open to doubt. The law of Indiana absolutely forbids any touching of a girl under sixteen years of age with the purpose and intent to have carnal knowledge of her person (§2429 Burns 1926, §2250 Burns' Supp. 1921, §1, Acts 1921 p. 373), or even with the intent thereby to induce her to be guilty of indecent or immoral conduct (§§1695, 1696 Burns 1926, §§1641, 1648 Burns' Supp. 1921, §§1 and 2, Acts 1917 p. 341). That taking hold of the girl's leg while sitting on the floor of the truck with his arm around her, if done with intent thereby to induce her to do what she actually did a few hours later with him at that same place in the truck, was unlawful, is beyond dispute. And where the felony charged to have been intended was actually committed soon afterward, in the course of the same evening, in the same compartment of the same automobile, while out for the same pleasure trip on which they were then starting, the mere fact that the automobile had been driven across a county line in the meantime cannot affect the probative force, as evidence of the intent with which he began to take liberties with the girl's person when starting, of the proof of what he actually consummated before bringing her back home. It has been held that evidence to the effect that two hours earlier the same evening, on the same train, while on the same journey, the defendant had consummated a like offense was admissible, in a prosecution for sodomy, committed on a passenger on a transcontinental train, to prove the intent with which he made a second assault, although the first one was committed on a different passenger and while the train was in a different state. *State* v. *Place* (1893), 5 Wash. 773, 32 Pac. 736;

*Borolos* v. *State* (1924), 194 Ind. 469, 473, 143 N. E. 360, 362; See, also, *Kiser* v. *Woods* (1878), 60 Ind. 538, 541.

A felonious intent may be shown by proof of acts of the defendant so connected with the offense charged as to clearly manifest his purpose, wherever they may have been done. And what a man actually did with a girl while out for a drive was thus connected with the advances he made toward familiarity when starting out. The question whether or not an inference of felonious intent in touching the girl should be drawn was properly left to the jury, and we cannot disturb its finding.

Setting aside the judgment and granting a reargument of these questions could not serve any good purpose.

Appellant's petitions to withdraw the opinion of the court, to set down the case for oral argument, and to grant a rehearing are all overruled.