CAUDILL v. STATE OF INDIANA

[No. 28,217.   Filed November 18, 1946.]

*Herman N. Hipskind,* and *Franklin W. Plummer,* both of Wabash, for appellant.

*James A. Emmert,* Attorney General, *Frank E. Coughlin,* First Assistant Attorney General, and *George W. Hadley,* Deputy Attorney General, for the State.

GILKISON, J.—Appellant was charged by affidavit with the crime of rape upon a female child 11 years of age. The cause was tried by the court without a jury, resulting in a finding of guilty of assault and battery with intent to commit a felony, and a judgment of imprisonment for not less than one nor more than 10 years.

The sufficiency of the affidavit was not tested by a motion to quash or a motion in arrest of judgment.

A motion for new trial was filed, for the following reasons:

"1. That the finding of the court is not sustained by sufficient evidence.

"2. That the finding of the court is contrary to law.

"3. Error of law occurring at the trial in this, to-wit: that the court admitted in evidence the alleged written confession of the defendant, offered by the state and objected to by the defendant, after it had been proven by the defendant that said confession was made by the defendant while he was under the influence of fear produced by threats and intimidation and by undue influence."

The motion for new trial was overruled, and the error assigned is overruling the motion.

Appellant contends that the rape statute, so far as it pertains to a female child under the age of 16 years, is too vague and indefinite to be enforceable. That it is impossible to determine with certainty upon whom or by whom it may be committed.

To be enforceable a criminal statute must clearly and definitely define the crime so that an ordinary person may know with certainty when he is violating it *Lanham* v. *State* (1935), 208 Ind. 79, 86, 87, 194 N. E. 625, 195 N. E. 73; *Stone* v. *State* (1942), 220 Ind. 165, 175, 41 N. E. (2d) 609.

As a general rule penal statutes are to be interpreted strictly against the state and liberally in favor of the accused. The rule is founded on the tenderness of the law for the rights of individuals. Its object is to establish a rule of certainty, by conformance to which the individual will be safe, and the discretion of the court limited. 50 Am. Jur. § 407 *Penal Statutes* p. 430, 431. *Booth* v. *State* (1913), 179 Ind. 405, 409, 100 N. E. 563.

However, the construction of penal statutes should not be unduly narrow or technical. Such statutes should

not be constructed so narrowly as to exclude cases that are fairly covered by them. *Booth* v. *State, supra; United States ex rel. Marcus* v. *Hess* (1943), 317 U. S. 537, 542, 63 S. Ct. 379, 87 L. Ed. 443, 448.

The statute in question so far as applicable to ██ this case is as follows: ˙

"Whoever has carnal knowledge of a . . . female child under the age of sixteen (16) years; . . . is guilty of rape, and on conviction shall be imprisoned not less than two (2) years nor more than twenty-one (21) years . . ."
§ 10-4201, Burns' 1942 Replacement.

There is no uncertainty under this statute as to who may be raped. Any female child under 16 years of age may be the victim. There is no uncertainty as to who may be the assailant. It may be "whoever has carnal knowledge" of her. The word "whoever" as used in this statute includes every male person with sufficient age and development to perform sexual intercourse and sufficient mentality to entertain a criminal intent. We think there is no merit in appellant's contention that the law is too vague and indefinite in the particulars noted.

The trial court found the defendant guilty not of rape, but of assault and battery with intent to commit a felony. The statute defining this offense and providing a penalty therefor is as follows:

"Whoever perpetrates an assault or assault and battery upon any human being with intent to commit a felony, shall, on conviction, be imprisoned in the state prison for not less than one (1) nor more than ten (10) years."
§ 10-401, Burns' 1942 Replacement.

Under our statute, § 10-4201, *supra,* when a rape is perpetrated against a female child under 16 years of age, consent or non-consent forms no element of the crime. It is the same whether committed forcibly and against her will or with her voluntary submission. In either case it is a felony. Any touching of the person of such child with intent to have sexual intercourse with her, is in legal contemplation without her consent. Any liberties taken with the person of such a child in furtherance of that purpose are unlawful and within the definition of assault and battery. *Hanes* v. *State* (1900), 155 Ind. 112, 120, 57 N. E. 704; *Murphy* v. *The State* (1889), 120 Ind. 115, 116, 117, 22 N. E. 106; *Underhill* v. *State* (1921), 190 Ind. 558, 564, 130 N. E. 225; *Eckert* v. *State* (1925), 197 Ind. 412, 415, 417, 418, 147 N. E. 150, 151 N. E. 131; *Chesterfield* v. *State* (1923), 194 Ind. 282, 293, 294, 141 N. E. 632.

Appellant contends that by its action the trial court found the appellant not guilty of rape as charged in the affidavit, and found him guilty of the lesser offense of assault and battery with intent to commit a felony, without any evidence to support such finding. While it is true the court found appellant guilty of the lesser crime, we can not agree that there was no evidence to support this finding. The evidence in the record is sufficient to support a finding of guilty of the major offense charged. It was therefore ample to support the finding made, and such finding is not contrary to law. *Kuslulis* v. *State* (1930), 201 Ind. 660, 663, 171 N. E. 5; *Chesterfield* v. *State, supra,* at pages 293, 298 and 299.

The charge in this case included a charge of assault and battery with intent to commit a felony as defined

in § 10-401, Burns'·1942 Replacement, *supra,* the ■ felony being rape on a child under the age of 16 years. *Chesterfield* v. *State, supra.*

The child upon whom the crime was alleged to have been committed testified to facts showing that the defendant had sexual intercourse with her in the ■ rear seat of an automobile, and that it was with her consent. A 16 year old girl, who was sitting in the front seat of the car at the time, testified to facts corroborating the statement of the assaulted child. The evidence showed conclusively that the child was born January 31, 1934, and the assault complained of occurred in October or November, 1945, when the child was less than 12 years of age. This evidence except as to the age of the child was disputed by appellant, and his male companion who was in the front seat of the car at the time. The right and duty of weighing the evidence was for the trial court. Under the well known rule, this court will not weigh the evidence.

That the major crime charged was fully con- ■ summated is not necessarily negatived by the trial court's finding of guilty of a lesser offense contained within the charge.

"There may be a conviction of assault and battery with intent to commit a felony, although the felony is actually committed."

*Chesterfield* v. *State, supra,* pages 298, 299; *Polson* v. *State* (1893), 137 Ind. 519, 521, 522, 35 N. E. 907; *Hamilton* v. *State* (1871), 36 Ind. 280, 286, 287.

It thus appears that the finding of the court is sustained by sufficient evidence, and it is not contrary to law.

Section 9-1607, Burns' 1942 Replacement provides as follows:

"The confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him, except when made under the influence of fear produced by threats or by intimidation or undue influence; but a confession made under inducement is not sufficient to warrant a conviction without corroborating evidence."

A confession is *prima facie* admissible in evidence and the burden of showing its incompetency, under the above statute, is upon the defendant. *Anderson* v. *State* (1933), 205 Ind. 607, 616, 186 N. E. 316; *Mack* v. *State* (1931), 203 Ind. 355, 372, 373, 180 N. E. 279; *Hicks* v. *State* (1937), 213 Ind. 277, 291, 11 N. E. (2d) 171, 12 N. E. (2d) 501.

The admissibility of a confession is a question to be determined by the court. It may hear the evidence with respect to the confession in the absence of the jury, and from such evidence determine the competency of the offered confession. *Mack* v. *State, supra; Brown* v. *State* (1880), 71 Ind. 470; *Palmer* v. *State* (1893), 136 Ind. 393, 396, 397, 36 N. E. 130; *Hamilton* v. *State* (1934), 207 Ind. 97, 109, 190 N. E. 870.

In *Mack* v. *State, supra,* at pages 371, 372 the court said:

"The securing of voluntary confessions from guilty criminals is to be desired, and the reasonable examination of prisoners charged with or suspected of crime is and should be allowed in the interest of public welfare and safety, but such examinations should be kept within proper bounds. The law protects persons charged with crime from ill or unjust treatment, and cruel and brutal methods should never be tolerated. *Bonahoon* v. *State* (1931) 203 Ind. 51, 178 N. E. 570. . . ."

"Confessions and admissions made voluntarily, or under inducements other than fears produced by

physical violence, threats, intimidation or undue influence are admissible in evidence."

While this court will not weigh the evidence relative to the admissibility of the confession, *Hamilton* v. *State, supra*, at pages 110, 111; *Hauk* v. *State* (1897), 148 Ind. 238, 252, 253, 46 N. E. 127; *Mack* v. *State, supra* at page 374; *Hicks* v. *State, supra* at page 292; *Hawkins* v. *State* (1941), 219 Ind. 116, 137, 37 N. E. (2d) 79, we have carefully examined it and find that the evidence of fear relied upon by appellant is in substance, that when the sheriff arrested him for rape and told him whom the alleged victim was he said: "I don't know the girl," and the sheriff said "You're a damned liar you do, its right here in her statement." To this appellant answered "No, I don't know the girl." The sheriff then said: "Well you and Lacy Carpenter and Eileen Fitzgerald and Imogene Stafford was out in early November." Appellant then testified: "After he told me who it was, then I remembered her." He further testified that the sheriff looked "plenty mad," and that put him in fear, and that he remained under this fear until after he made the written confession.

This is the substance of all the evidence relative to threats, intimidation or undue influence that produced appellant's fear and which he claims caused him to make the written confession. The evidence indicates that at the time of making the confession appellant was an intelligent young man 20 years of age. We do not find from the evidence even of the defendant himself, that any threats were made against him or any intimidation or undue influence used or that there was any reason for him to entertain the fear he

testified about, and therefore we find no error in the admission of the confession in evidence.

Finding no error in the record, the judgment is affirmed.

NOTE.—Reported in 69 N. E. (2d) 549.