THE STATE V. HAGERMAN.

1. **Criminal Law : RAPE: DEGREE OF FORCE.** To justify a conviction for rape, the jury must be satisfied that the defendant not only used force, but that he used it with the intention of gratifying his passions on the person of the prosecutrix at all events, and notwithstanding any resistance on her part.

2. ——: ——: INSTRUCTION. It is well for the court, in instructing the jury upon a trial for rape, to admonish them of the difficulty of disproving the charge of committing that crime, and also to call their attention to the inquiry whether or not the prosecutrix made an outcry at the time of the alleged commission of the offense.

*Appeal from Harrison District Court.*

SATURDAY, OCTOBER 20.

INDICTMENT for an assault with intent to commit a rape. There was a conviction, and defendant appeals.

*Mickel & Brown,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

SEEVERS, J.—The following instruction was asked by the defendant and refused by the court: "The jury must be satisfied, not only that the prisoner intended to gratify his passions on the person of the prosecutrix, but that he intended to do so at all events, notwithstanding any resistance on her part; and if the jury does not so find from the evidence they should acquit." The evident meaning of this instruction is that before there could be a verdict of guilty the jury must be satisfied "the prisoner intended to gratify his passions on the person of the prosecutrix, at all events, and notwithstanding any resistance on her part." *The State v. Cross,* 12 Iowa, 66. The assault must have been made with the intent to commit a rape at all events, even if the prosecutrix exerted every effort in her power to prevent it. The instruction should have been given, and because it was refused there must be a reversal, unless such an instruction was substantially given in

The State v. Hagerman.

the charge of the court. The only instruction given by the court, bearing on this question, is as follows: "If the defendant intended merely, and only, at the time and place charged, to have sexual intercourse with the witness, Helena, if she would consent thereto without force, then he would not be guilty of an assault with intent to commit a rape, even though the testimony may show that the defendant is guilty of an assault or an assault and battery." There is a material difference between this instruction and the one refused. The principle here recognized is that any degree of force, however gentle, is sufficient. We do not understand this to be the rule. But the assault must have been made with intent to commit a rape, notwithstanding all possible resistance that could be made. The intent must have been to perpetrate the crime at all events, regardless of what the prosecutrix might or could do to prevent it.

Other errors are assigned and discussed by counsel, but we discover no other prejudical error in the record. It is usual in 2 —: —: cases of this character to give instructions embodying the thought of the first and second instructions asked and refused, and we see no objection to them. In fact, we regard the better rule to be in cases of this character to admonish the jury as to the difficulty of disproving a charge of this kind, and also as to the outcry made by the prosecutrix at the time. But we are not prepared to say that in view of the charge given there has been any prejudical error committed in this respect.

For the error in refusing the fourth instruction asked there must be a reversal.

REVERSED.