## THE STATE v. CANADA.

1. **Assault With Intent to Commit Rape**: NECESSARY INGREDIENTS OF OFFENSE: EVIDENCE. One may make an assault upon a woman with the intention of having sexual intercourse with her, and yet not be guilty of an assault with intent to commit rape. There must be added the intent to use whatever force is necessary to overcome the woman's resistance and to accomplish the purpose. The evidence in this case (see opinion) *held* not to establish such an intent.

2. **Instructions**: ABSTRACT STATEMENT OF THE LAW NOT ALWAYS SUFFICIENT. The abstract statement of the law to the jury is not always sufficient to secure the ends of justice; (see opinion for example;) but the instructions should so state the law that the jury may intelligently apply it to the evidence and reach a just verdict.

*Appeal from Polk District Court.*

FRIDAY, MARCH 19.

THE defendant was found guilty of the crime of assault with intent to commit a rape, by the verdict of a jury, and judgment was pronounced against him imposing a term of imprisonment in the penitentiary, and from that judgment he appeals to this court.

*W. A. Connolly* and *E. Chavanness*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

REED, J.—At the time of the transaction in question, the prosecutrix was about eleven years of age. The transaction took place at the house in which a sister of defendant resided, and he was stopping there at the time. A portion of the house was also occupied by another family. Defendant's sister and the members of her family were all absent at the time, but the woman who lived in the other portion of the house was in a room adjoining the one in which defendant and the prosecutrix were at the time of the occurrence. The door between the two rooms was closed and fastened; but, according to the evidence of the state, conversation carried on in an ordinary tone in one of the rooms could be distinctly heard in the other. The prosecutrix had been sent to the house on an errand by her mother. In her testimony she gave the following account of what took place between her and defendant at the time: "I went and rapped on the door. He opened the door, and says, ' Come in.' I went in, and sat down on a chair, and he pulled me up on his lap. I got up off his lap, and went over and sat down in the cradle, and he pulled me up on his lap again. He put his hand under my clothes, and unfastened my panties. He asked me,—he says: 'Your stockings are pretty, ain't they?' Says I, 'Yes.' Then I commenced to pick at the toe of his shoe, and he says, ' Don't; you will get a hole there.' Then I got up and went and sat down on the cradle again, and he pulled me up on his lap again, and some one came and rapped on the back door. It was Mrs. Smith, [who lived in the other portion of the house.] He opened the door. She says ' Where is Mrs. Strickland?' [Defendant's sister.] He says, ' She has gone up to the store.' Then a little boy came to the back door. He wanted Billy Strickland. Then I went

*Margin note:* 1. ASSAULT with intent to commit rape: necessary ingredients of offense: evidence.

into the front room, and he came in there, and took me round the waist, and set me upon the bed, and unfastened my panties again.   He said he had done so to a little girl at the Groves House, and to let him do so to me, and I said, 'No, sir; I would not let him do it.'   Then there was some one came to the back door, and he opened the door and commenced playing with the cards,—working with the cards.  It was my little brother and another boy who were at the door. When he sat me on the bed, he unfastened his pants and my panties too.   When my brother came to the back door, I fastened my panties up, and I went home with my brother." Mrs. Smith testified that she heard the conversation between the parties, and she stated it more in detail than was done by the prosecutrix, but there is no material difference between the accounts given by the two witnesses.   She also testified that she heard the defendant pull the girl on his lap, and afterwards set her on the bed, and that she went to the back door and rapped, after he had placed her on the bed.   This is substantially the evidence on which the defendant was convicted.

In our opinion it does not support the verdict.   The gist of the offense charged is the intent with which the act was done.   Defendant must have intended to commit a rape.   To constitute such intent he must have had a purpose, not only to have sexual intercourse with the prosecutrix, but must have intended also to use whatever degree of force might be necessary to overcome her resistence and accomplish his object.   Rape is defined as the having of unlawful carnal knowledge of a woman by force and against her will, (1 Bish. Crim. Law; Code, § 3861;) and the intent to commit that crime necessarily includes an intent to overcome the resistance of the woman, and accomplish the connection by force, (*State v. Hagerman*, 47 Iowa, 151.)   The jury might well have found that the defendant's purpose was to have carnal intercourse with the prosecutrix.   Indeed, if they believed her testimony and that of Mrs. Smith, they could not have

found otherwise. But we think the evidence did not tend to prove that he intended to use the degree of force for the accomplishment of that purpose which must have been intended before he would be guilty of the crime charged. The district court instructed the jury that they should convict the defendant of assault with intent to commit a rape if

**2. INSTRUC- TIONS: abstract statement of ,the law not always sufficient.** they found that he committed an assault on the prosecutrix, and that he intended to have carnal intercourse with her by force and against her will. This instruction is correct as an abstract proposition. We think, however, that the jury should have been more fully instructed as to the degree of force which must have been intended. The abstract statement of the law to the jury does not always enlighten them as fully as is essential, however exact the statement may be. If the jury had been told in the present case that they could not convict the defendant of the crime charged in the indictment unless they were satisfied that he intended to use whatever force might be necessary to overcome the prosecutrix and accomplish his purpose, they probably would not have found the verdict they did.

The judgment will be reversed, and the cause remanded for a new trial.

REVERSED.