THE STATE v. KENDALL.

1. **Assault with Intent to Rape:** WHAT NECESSARY: EVIDENCE. The evidence in this case clearly shows that defendant desired to have sexual intercourse with the prosecutrix, and tended to show, also, that he committed a technical assault upon her person while urging his solicitations; but *held* that, to render him guilty of the crime of assault with intent to commit rape, he must have intended to use whatever amount of force was necessary to overcome her resistance and accomplish his purpose, and that there was no evidence of such intention, and therefore a verdict of guilty was not supported. (Compare *State v. Hagerman*, 47 Iowa, 151, and *State v. Canada*, 68 Id., 397.)

*Appeal from Henry District Court.*

THURSDAY, OCTOBER 27.

THE defendant was convicted of the crime of assault with intent to commit rape, and sentenced to a term of imprisonment in the penitentiary.

*L. G. & L. A. Palmer*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

REED, J.—The prosecutrix at the time of the transaction in question was about 18 years old. The members of the family with whom she lived were away from home, and she was alone at the house. The defendant was an acquaintance

The State v. Kendall.

of the prosecutrix, and a married man. He went to the house for a legitimate object, but, finding her there alone, he entered into conversation with her. After talking to her for some time, he asked her to let him kiss her, but she answered that she was not in the habit of kissing married men. At that time the parties were outside of the house, but she immediately went into the house, and he followed her. He then seized her, and sitting down on the stairs, he drew her upon his lap. She remonstrated with him, but he assured her that he did not intend to injure her, and that he only wanted to talk to her. While he held her on his lap he placed one of his hands upon her bosom outside of her clothing, but she pushed his hand away. He then attempted to put his hand under her clothing, when she cried out, and broke away from him, and ran out of the house. He also went out, and a further conversation took place between them, in which he told her that different young men in the neighborhood had told him that any man could do as he pleased with her, and offered to give her $5 if she would submit to him. She answered that he ought to go off and shoot himself, and that he ought to be ashamed to talk to her in that manner. He did not offer her any other violence than as stated above, and the verdict of guilty was found upon the evidence of the facts as we have detailed it.

In our opinion, the verdict is not supported by the evidence. It is clear enough that defendant desired to have sexual intercourse with the prosecutrix, and it is probably true, also, that he committed a technical assault upon her person while urging his solicitations; but to render him guilty of the crime of assault with intent to commit rape, he must have intended to use whatever amount of force was necessary to overcome her resistance and accomplish his purpose. (*State v. Hagerman*, 47 Iowa, 151.) There was clearly no evidence of such intention. In its facts the case is no stronger than *State v. Canada*, 68 Iowa, 397.

REVERSED.