THE STATE OF IOWA, Appellee, v. R. JÉROME, Appellant.

Assault with Intent to Rape: SUFFICIENCY OF EVIDENCE TO SUSTAIN VERDICT : ADMISSIBILITY OF EVIDENCE : INSTRUCTIONS.

*Appeal from Polk District Court.*—HON. M. KAVANAGH, Judge.

WEDNESDAY, MAY 13, 1891.

THE defendant was indicted and convicted of an assault with intent to commit rape upon a female child under the age of thirteen years. He now appeals to this court,—*Affirmed.*

*E. B. Evans,* for appellant.

*John Y. Stone,* Attorney General, and *Thos. A. Cheshire,* for the State.

BECK, C. J.—I. Counsel for the defendant insists that the verdict is wanting in support of the evidence. We think otherwise. Defendant was a stranger to the mother and grandparents having the care of the child upon whom the outrage was committed, and at the time was intoxicated, though not to such an extent as to be deprived of reason. Without the knowledge of those having charge of her, he took the child, who was four years of age, away from the house, and kept her about six hours, taking her to different parts of the city, and to some out-of-the-way places. Before he returned, the child was seen in his company, her face and clothing very dirty and her underclothing down, which he pinned up. He procured some one to wash her face, and afterwards took the child to her home, She complained in his presence of the abuse she had endured from him, and specified in the plainest language that he had assaulted her in an attempt to have carnal knowledge of her. He declared that the child's statements were incorrect. Her underclothing and person indicated the abuse she had received from him. We think the evidence sufficiently supports the verdict. The punishment, ten years in the penitentiary, is severe, but merited. We think men who are capable of committing such detestable crimes ought to be taught to fear the punishment the law provides for such offenses. The protection of children and the good of the state demand that they be kept separate from the mass of the people.

II. The court gave this instruction to the jury : "The law provides that if anyone carnally know and abuse any female child under the age of thirteen years he is guilty of rape, and shall be punished." "It further provides that, if any person assault a female with intent to commit rape, he shall be punished." "The defendant, as you have seen, is charged with assault with intent to commit rape" An assault is an unlawful attempt to commit violence upon the person of another, with the present ability to do so. "If it has been proven beyond a reasonable doubt that the defendant, within three years next preceding the twenty-seventh day of May, 1890, in Polk county. Iowa, did make an assault upon one Myrtle Day, with intent to have sexual intercourse with said Myrtle Day, and that the said Myrtle Day was under thirteen years of age, you will find the defendant guilty ; if you fail to so find, you will find the defendant not guilty of assault with intent to commit rape." Counsel objects to this instruction, upon the ground that the rape is not defined in Code, section 3873, under which the indictment is found, in the language of the instruction. This statement does not attempt to define "rape," but to present the law which provides punishment for an assault with an intent to commit rape. Code, section 3861, provides that "If anyone carnally know and abuse any female child under the age of thirteen

years he shall be punished by imprisonment in the penitentiary for life, or for any term of years." The offense here contemplated is rape. Code, section 3873, provides punishment for an assault with intent to commit rape. The two statutes, considered together, define the crime and prescribe the punishment for it.

III. Counsel maintain that the instruction is faulty because it does not contain the thought that the jury should find that the defendant "intended to use whatever force was necessary to accomplish the deed." The objection is extremely fine, but is completely answered by the consideration that the instruction, in charging the jury that they must find that the defendant did make the assault with intent to have sexual intercourse, in order to warrant conviction, did charge, in effect, that they must find defendant intended to use the force necessary to enable him to commit the crime; for if one intends to do an act (commit rape) he surely intends to use the force required to enable him to do the act. Therefore, an allegation of an intent to commit rape is an allegation of a purpose to use the force necessary to do the act which constitutes the rape.

IV. The court instructed the jury that they should disregard all statements of the child given in evidence, except those which were made in the presence and hearing of the defendant. Counsel thinks the instruction errs in not directing the jury that the statements, in order to be considered, should have been made in the hearing of the defendant. In our opinion, the instruction so directs in plain language. The point demands no further attention.

V. The court directed the jury in this language: "If you should find the defendant not guilty of an assault with an intent to commit rape, you will then proceed to determine whether he is proven guilty of common assault." It is insisted that the court erred in requiring the jury to first determine whether the higher offense had been committed before considering the lower offense. The court rightly directed the consideration of the higher offense first, for, if found, it includes the lower, and no inquiry as to it need, in that case, be made.

VI. Counsel for the defendant complain that the court failed to instruct the jury that the offense of assault was included in the assault to commit rape, and to give proper instructions on the rule of reasonable doubt. The facts do not support these objections. Sufficient instructions upon these points were given.

VII. It is complained that the court failed to define the offense of assault and battery. We discover no prejudice which the defendant could have sustained by the omission of such instruction; and, as he failed to ask for such instruction, he cannot now complain of the failure to give it.

VIII. Counsel think that the complaint made by the child as to defendant's treatment and abuse of her, in his presence, after he brought her back to her home, ought not to have been admitted in evidence. Surely the statements of the little child, voluntarily made

in the presence of the defendant, plainly disclosing his criminal acts, were competent, for the reason, if for no other, that they directed attention to the condition of her body, which tended to show the commission of the crime.

IX. Certain rulings upon the admission of evidence and conversations and remarks of the judge trying the case are made the grounds for complaint. The rulings were correct, and we see neither error nor prejudice to the defendant in what was said by the court.

In our opinion, the judgment of the district court ought to be AFFIRMED.