State v. Prather.

THE STATE v. PRATHER, *Appellant*.

Division Two, November 20, 1896.

1. **Criminal Law**: ASSAULT WITH INTENT TO RAPE: INDICTMENT: SURPLUSAGE. An indictment for assault with intent to rape which charges that defendant in and upon one H., a female child under the age of fourteen years, to wit, of the age of six years, unlawfully and feloniously did make an assault with intent, her, the said H., then and there feloniously to unlawfully rape and carnally know and abuse, is sufficient; the word "rape" being unnecessary may be rejected as surplusage.

2. ———: ———: EVIDENCE. The evidence in this case examined and held sufficient to support a conviction of a charge of assault with intent to rape.

3. **Practice**: EVIDENCE: TESTIMONY OF INFANTS OF TENDER YEARS. The competency of an infant as a witness can not be measured by mere age, but must be determined by the infant's capacity in a given case, which must be left to the trial court in the exercise of a wise discretion and the appellate court will not lightly interfere with its finding.

4. **Practice**: DENIAL OF CONTINUANCE: REVIEW BY APPELLATE COURT: BILL OF EXCEPTIONS. The action of the trial court in refusing an application for a continuance will not be reviewed in the appellate court where no exceptions were saved to such action in the bill of exceptions. The recital of the clerk in the record that an exception was saved to the ruling is insufficient.

*Appeal from Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*J. B. Journey* for appellant.

(1) The court erred in refusing to sustain either of defendant's applications for continuance. The witness whose testimony was sought to be obtained was a nonresident of the state and beyond the jurisdiction of the court. His immediate whereabouts could not be ascertained by defendant in the brief time allowed him to prepare for trial. The materiality is shown both by the applications and the testimony in the cause. The matter of granting continuances rests largely in the discretion of the trial courts. But this was clearly an abuse of that discretion. *State v. Dettmer*, 124 Mo. 426; *State v. Maddox*, 117 Mo. 667; *State v. Dawson*, 90 Mo. 149; *State v. Bradley*, 90 Mo. 160; *State v. Berkley*, 92 Mo. 41; *State v. Neiderer*, 94 Mo. 79; *State v. Warden*, 94 Mo. 648; *State v. Lowe*, 98 Mo. 609. (2) The testimony of the witness Birdie Harpold is clearly incompetent. She should not have been permitted to testify. It is shown by her preliminary examination that she does not fully comprehend the solemnity of an oath. Her memory is further shown to be very poor. The matter of receiving the testimony of an infant who is by section 8925, Revised Statutes, 1889, declared incompetent is matter also resting largely in the sound discretion of the trial court, and its action

thereon will be reviewed by the appellate court. 1 Wharton on Evidence, secs. 398, 399, 400, and 401; *State v. Scanlon*, 58 Mo. 204; *State v. Jefferson*, 77 Mo. 138; *State v. Doyle*, 107 Mo. 36; *Cadmus v. Bridge and Tun. Co.*, 15 Mo. App. 93; *Ridenhour v. Railroad*, 102 Mo. 270; *Buck v. Railroad*, 46 Mo. App. 555. (3) The court should have given defendant's peremptory instruction offered at the close of plaintiff's case.

*R. F. Walker*, attorney general, for the state.

(1) The indictment is all that could be desired. In the language of the statute it charges the offense of which defendant was convicted. Sec. 3489, R. S. 1889. (2) The court very properly refused the instruction to acquit the defendant. The testimony abundantly established defendant's guilt. The evidence of the little girl, Birdie Harpold, clear, positive, and convincing, was alone sufficient to warrant the trial judge in submitting the issue of defendant's guilt to the jury, and would have been sufficient to support and sustain a verdict of guilty. This contention appears ridiculous when it is remembered that she was corroborated in every statement she made. That by other witnesses the trip with defendant to the woods, her screams while there, the condition of her clothing, and her return, and the fact that she was almost immediately followed by the defendant, her complaint to her mother and the contradictory statements of the defendant as to his whereabouts, were proven conclusively and satisfactorily. There is no such failure of proof as would justify the interference of this court. (3) The examination of Birdie Harpold established her competency as a witness. It was conclusively shown that while a child of tender years she fully appreciated and understood the force and effect of the oath administered to her to tell the

State v. Prather.

truth, and the conclusion is inevitable from the fact that she was corroborated in every statement to which she testified by disinterested and reputable witnesses that she did tell the truth. The trial judge saw this child upon the witness stand, heard her statements upon her examination by counsel for defendant and was in much better position to judge and determine her competency than this court can be. Under the discretion allotted to that court he determined she was competent and permitted her to testify and this judgment should not be reversed until that discretion was improperly indulged and abused. The defendant is in no position to complain of the action of the court in overruling his application for continuance for two propositions are now well established in this state: *First*, that he must preserve his exceptions to the ruling of the court, and, *second*, that the ruling and decision of the court must be preserved in the bill of exceptions to all matters occurring during the trial in order that this court may determine exactly what occurred. He failed to preserve his exceptions in either case.

SHERWOOD, J.—The defendant appeals from a conviction and sentence of three years in the penitentiary, the charging portion of the indictment being as follows: That A. E. Prather, on the eleventh day of June, A. D. 1895, at the county of Vernon and state of Missouri, in and upon one Birdie Harpold, a female child under the age of fourteen years, to wit, of the age of six years, unlawfully and feloniously did make an assault with intent, her, the said Birdie Harpold, then and there feloniously to unlawfully rape and carnally know and abuse, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state.

This indictment, which is based on sections 3480

and 3490, Revised Statutes, 1889, is in good form, as shown by the following authorities: *McComus v. State,* 11 Mo. 117; *State v. Jaeger,* 66 Mo. 173; *State v. Meinhart,* 73 Mo. 562.

The word "rape" being unnecessary, may be rejected as surplusage.

The evidence tended to show that Birdie Harpold, a female child about six years of age, resided with her father, a barber, at Nevada, Missouri, during June, 1895; that defendant was at Nevada, engaged in peddling maps for Rand, McNally & Company; that on June 11 he was in the barber shop of the prosecutrix' father, and started with the little girl to go to the show; that he walked, holding the child's hand, through the town and out to the woods; that the two were seen together at different places between the shop and end of the street by divers persons who were witnesses for the state.

The child testifies that when they got into the woods defendant "unbuttoned her panties," and she, crying and screaming, broke away from him and ran back to town; that defendant told her not to tell her mamma. Several witnesses testify to having heard her screams, to having seen her running down the street with her "panties down," and to having seen defendant returning from the woods and following down the same street taken by the child some five minutes after the child had passed. It is also shown that this child asked the first person she saw upon her return to town, Mary Driscol, to accompany her a part of the way home; that she was scared, and crying; that upon arriving home she told her mother of the occurrence.

Defendant denied the charges; denied that he accompanied the little girl along the street to the woods, or that he was in that part of town during the day, but in this is contradicted by several witnesses.

This evidence was amply sufficient on which to base a conviction.

It probably would have been sufficient without the little girl's testimony, but on this we need not speculate, as we regard her testimony competent. The admission of the testimony of infants of tender years, rests largely in the discretion of the trial court and with that discretion we will not lightly interfere. We see no cause to do so in this instance, as the child appears to be one of more than usual sprightliness and intelligence. The competency of an infant as a witness can not be measured by mere age, but by the apparent capacity in the given case. No rule in advance can be formulated; it must be left to the trial court in the exercise of a wise discretion, to pass upon the competency of the infant in each case as the question arises. 1 Rice, Evid., p. 539, and cases cited.

As to defendant's application for a continuance, it suffices to say that the bill of exceptions does not record any exceptions saved to the denial of the application.. It is true the clerk recites in the record that an exception was saved on the point mentioned, but this will not answer, since the *only repository* of matter of exception is the bill of *exceptions. Nichols v. Stevens,* 123 Mo. *loc. cit.* 119; *Parkinson v. People,* 24 N. E. Rep. 772, and cases cited; *Gould v. Howe,* 127 Ill. 251, and cases cited. Upon these considerations we affirm the judgment. All concur.