PEOPLE *v.* TOUTANT.

1. Assault With Intent to Ravish—Evidence—Sufficiency.
    In a prosecution for assault with intent to commit the crime of
    rape, evidence considered, and *held* to support a finding that
    the assault was with the intent charged.

2. Same—Appeal—Weight of Evidence.
    On an appeal from a conviction for assault with intent to
    ravish, in which the record contains only the testimony of
    the prosecutrix, an objection that the verdict is against the
    weight of the evidence cannot be considered.

Exceptions before judgment from Houghton; Streeter,
J.  Submitted April 24, 1903.  (Docket No. 176.)  De-
cided June 23, 1903.

Victor Toutant was convicted of assault with intent to
commit the crime of rape.  Affirmed.

*W. A. Burritt,* for appellant.

*Oscar J. Larson,* Prosecuting Attorney, for the people.

Carpenter, J.  Defendant, aged 17 years, was con-
victed in the lower court of assault with intent to commit
the crime of rape.  He asks that this conviction be set
aside on the ground that the evidence did not warrant the
jury in finding that he intended to commit said crime.
To determine this question, we must examine the testi-
mony of the prosecutrix.

She testifies that on the 18th of May, 1902, she was
living on Quincy Hill, near the village of Hancock.
While walking in the alley which leads to where she was
living, about 11 p. m., defendant stopped her and asked
her where she was going.  She replied she was going
home.  He said he was going, too.  She said, "No."
"He ask me how much I want,—a dollar?"  She, be-

lieving this to be an insulting proposal, declined, in very emphatic language. He caught hold of her arm, threw her down, and put both hands on her mouth, so that she could not cry out. She got up on her knees immediately. He stood behind her, holding her head to the ground. Then, while in this position, leaving one hand on her mouth, with the other he tried to pull up her skirts. This he could not do, because she held them between her legs. When defendant removed one hand from her mouth, she succeeded in making an outcry. He then put sand in her mouth, and struck her on the head with such force as to make her sick for a week. Her cries brought help, and defendant ran away. We agree with the trial judge that this evidence warranted the jury in finding that defendant assaulted the prosecutrix with intent to commit the crime of rape.

The suggestion is made by defendant's counsel that the verdict should be set aside because it is against the weight of the evidence. As the record contains only the testimony of the prosecutrix, we are unable to review that question.

The conviction must be affirmed.

The other Justices concurred.