## THE STATE OF NORTH DAKOTA v. HENRY FUJITA.

(129 N. W. 360.)

**Jury — Formation of Opinion — Newspaper Account — Common Rumor.**

1. Following the rule announced in State v. Ekanger, 8 N. D. 559, 80 N. W.

Note.—The question of challenge of jurors on account of preconceived opinion is the subject of a note in 36 Am. Dec. 521.

482, and State v. Werner, 16 N. D. 83, 112 N. W. 60, it is *held* that a juror who states on his *voir dire* that he has formed and entertains an opinion as to the guilt or innocence of the accused, which it will require some evidence to remove, is not disqualified from serving, where it appears that such opinion is based wholly upon newspaper accounts of the transactions, and common street gossip, provided, it satisfactorily appears to the court that the juror can, and will, if accepted, notwithstanding such opinion, fairly and impartially try the case on the testimony adduced and the law as given by the court.

**Criminal Law — Appeal and Error — Qualifications of Jurors — Decision of Lower Court.**

2. The decision of the trial court in such a case is entitled to great respect, and will be disturbed only when it clearly appears that there was an abuse of discretion.

**Witnesses — Leading Questions — Discretion of Trial Court.**

3. The trial court has a large discretion in permitting leading questions.

**Criminal Law — Rape — Age of Consent — Assault with Intent.**

4. A man who attempts to have carnal knowledge of a girl under the age of consent may be convicted of an assault with intent to commit rape.

**Criminal Law — Rape — Assault With Intent — Evidence.**

5. Evidence examined, and, *held*, sufficient to sustain the verdict.

**Instructions.**

6. The charge of the court to the jury fully and fairly states the law of the case.

**Criminal Law — Conduct of State's Attorney.**

7. Record examined. *Held:* that counsel for the state made no remarks in the arguments to the jury not warranted by the evidence.

Opinion filed December 21, 1910.

Appeal from the District Court, Cass county; *Honorable Chas. A. Pollock, J.*

Action by the State of North Dakota against Henry Fujita. From a judgment in favor of plaintiff, and from the order denying defendant's motion for a new trial, defendant appeals.

Affirmed.

*Taylor Crum,* for appellant.

If error occurs in overruling a challenge for cause, it should be corrected regardless of defendant's unexhausted peremptories. People v. McQuade, 110 N. Y. 284, 1 L.R.A. 279, 18 N. E. 156; People

v. Bodine, 1 Denio, 308; Freeman v. People, 4 Denio, 31, 47 Am. Dec. 216; People v. Casey, 96 N. Y. 115, 4 Am. Crim. Rep. 312; People v. Carpenter, 102 N. Y. 238, 6 N. E. 584.

Where rape is not accomplished, the amount of force is material as showing the intent or lack of intent. State v. Canada, 68 Iowa, 397, 27 N. W. 288; Stephens v. State, 107 Ind. 185, 8 N. E. 94; People v. Dowell, 136 Mich. 306, 99 N. W. 23; Davis v. State, 31 Neb. 247, 47 N. W. 854.

It must appear that accused assaulted prosecutrix and intended to have intercourse with her. Johnson v. State, 27 Neb. 687, 43 N. W. 425; Krum v. State, 19 Neb. 728, 28 N. W. 278; Skinner v. State, 28 Neb. 814, 45 N. W. 53; Dunn v. State, 58 Neb. 807, 79 N. W. 719; State v. Biggs, 93 Iowa, 125, 61 N. W. 417.

Defendant should have been convicted of assault or assault and battery. People v. Dowell, 136 Mich. 306, 99 N. W. 23; State v. Fordham, 13 N. D. 494, 101 N. W. 888; State v. Cody, 18 Or. 506, 23 Pac. 891, 24 Pac. 895; N. D. Code of Crim. Proc. § 10072.

Court should have cautioned jury as to conviction on uncorroborated testimony of the prosecutrix. 3 Rice, Ev. 830; People v. Benson, 6 Cal. 221, 65 Am. Dec. 506; People v. Hamilton, 46 Cal. 540; People v. Ardaga, 51 Cal. 371, 2 Am. Crim. Rep. 590.

*Andrew Miller,* Attorney General, and *Arthur W. Fowler,* State's Attorney, for respondent.

If a juror will put aside any impression or opinion and try the case fairly, he is competent. State v. Ekanger, 8 N. D. 559, 80 N. W. 482; State v. Werner, 16 N. D. 83, 112 N. W. 60.

It is not error to overrule challenge for cause, if defendant has peremptories left. 24 Cyc. Law & Proc. p. 328; People v. Decker, 157 N. Y. 186, 51 N. E. 1018.

Where prosecutrix is under age, if defendant assaulted and intended sexual intercourse, whether he intended to use force or not is immaterial. 33 Cyc. Law & Proc. p. 1495; Territory v. Keyes, 5 Dak. 244, 38 N. W. 440; People v. McDonald, 9 Mich. 150; People v. Lourintz, 114 Cal. 628, 46 Pac. 613; State v. Grossheim, 79 Iowa, 75, 44 N. W. 541; Polson v. State, 137 Ind. 519, 35 N. E. 907; State v. Sargent, 32 Or. 110, 49 Pac. 889; Re Lloyd, 51 Kan. 501, 33 Pac. 307; Addison v. People, 193 Ill. 405, 62 N. E. 235; Murphy v. State,

120 Ind. 115, 22 N. E. 106; 2 Am. & Eng. Enc. Law, p. 988; 10 Enc. Ev. p. 586; People v. Goulette, 82 Mich. 36, 45 N. W. 1124; Davis v. State, 31 Neb. 247, 47 N. W. 855; Com. v. Roosnell, 143 Mass. 32, 8 N. E. 747.

CARMODY, J. Defendant, who is a native of Japan, was convicted in the district court of Cass county on August 2, 1910, of the crime of assault and battery with intent to commit rape in the first degree, and from orders denying a new trial and from a judgment sentencing him to confinement in the penitentiary for a term of five years, and that he be fined $500, he appeals to this court, alleging numerous errors in the rulings of the trial court, and also alleging insufficiency of the evidence to sustain the verdict. Appellant is about forty-nine years of age, and the female upon whom it is alleged that he perpetrated this crime is about the age of fifteen years. Defendant was the proprietor of a restaurant on Front street in the city of Fargo, a two-story building in which there were roomers upstairs. The prosecutrix went to work at his place in June, 1909; stayed there about five weeks; slept in a room on the ground floor, next to a room occupied by the defendant, with a curtain for a door between the two rooms. A colored woman named May Ford was keeping house for the defendant, and was in some measure his business partner. The prosecutrix testified that about the 6th or 7th of July, the colored woman was working out, and defendant came in her room Tuesday night, got in her bed and tried to do things to her; she would not let him. The second night he came in her bed twice, tried to do things to her. She told him he could not do it. The third night she went to bed with her underskirt, underdrawers and underwaist on. After she dropped asleep defendant, who was bare naked, got in her bed, untied her drawers and pulled them down; pulled her petticoat up. After he got into bed, tried to pull her over, and she hung to the bed. He talked some, but she could not understand what he said. He tried to pull her legs apart. She told him to get out of bed; she would tell the police. He got out of bed, and went to his own room. She also testified that on four previous occasions he took her on his lap and kissed her. She tried to get off his lap and he would not let her; he hung to her. She also testified that she called the colored lady mamma and the defendant papa, and

told them that they were so good to her she wanted to be their girl, and stay there always with them; claimed her father used to beat her, threatening to kill her, and that the defendant and the colored lady were good to her, got her clothes and shoes and treated her like their own child. She did not cry out or make any noise when defendant came into her room. She went to school a week while at the restaurant. Previous to the assault, the colored woman and defendant quarreled, and she left the place. After the alleged assault the colored woman took the prosecutrix away from defendant's restaurant to the hollow. Defendant drove the colored woman away. A man named Johnson took the prosecutrix away from the hollow to Miss Topping's. Prosecutrix left defendant's restaurant Friday, and went to Miss Topping's Sunday. Miss Topping had charge of the Crittenden home. Three women, two colored and one white, roomed upstairs over the defendant's restaurant. Defendant denied getting into the bed with the prosecutrix; claimed that it was warm weather, that she was uncovered, and that folks could see her through the window, and he went into her bedroom and covered her up on two or three occasions; claimed that he worked nights and went to bed daytimes; kept part of his stock in the prosecutrix's bedroom; said the prosecutrix kept a light in her room; said she was just like his own daughter. He had about fifteen rooms upstairs. There was also some evidence pro and con as to the reputation of defendant's restaurant.

The first two assignments call into question the correctness of the rulings of the trial court in denying defendant's challenge for actual bias to jurors Aselson and Herbert. The juror Aselson on his *voir dire* stated in substance that he had read some articles in the Fargo newspapers about some alleged doings of the defendant on Front street; that he believed some of the articles and some he did not; that he never talked with anyone about the case; that he had formed an opinion that would require evidence to remove. On being examined further it developed that the opinion which he entertained was based solely upon these newspaper articles; that if sworn as a juror he would disregard this opinion and render a fair and impartial verdict based upon the evidence. The juror Herbert testified that he had formed an opinion as to the guilt or innocence of the defendant that it would take evidence to change. On being examined further,

he testified that the opinion he had formed was based solely upon the street gossip; that he had no clear or definite recollection of what he heard; that if sworn as a juror he could and would put aside this impression or opinion that he had, and try the case on the evidence given on the witness stand by the witnesses, and a true and impartial verdict render upon such evidence under the instructions of the court. From a careful examination of the testimony of those two jurors, we are unable to say that the trial judge in whom is vested by law a very wide discretion in such cases, clearly abused its discretion.

See State v. Church, 6 S. D. 89, 60 N. W. 143; State v. Ekanger, 8 N. D. 559, 80 N.. W. 482; State v. Werner, 16 N. D. 83, 112 N. W. 60; 24 Cyc. Law & Proc. pp. 286–298 inclusive; People v. Casey, 96 N. Y. 115, 4 Am. Crim. Rep. 312; People v. Carpenter, 102 N. Y. 238, 6 N. E. 584.

Defendant complains that the counsel for the state led the complaining witness, by leading questions, both at the preliminary hearing and at the trial, which were not for the purpose of identification of persons or things, nor where she was called to contradict another, when she was not a hostile witness, nor where the matters were of a complicated nature, nor introductory. No objection was made to the so-called leading questions except in two instances, to one of which the defendant objected as follows: "I object to these leading questions. I know the witness is not all right, but . . . ." Mr. Stambough, who was examining the witness, answered: "I can't do anything else much." No further objection was made at that time, and no ruling. The next objection the record shows is as follows: "Objected to as leading. She can be led to say anything by that kind of questions." To which the court responded: "A little objectionable, Mr. Stambaugh." Mr. Stambaugh answered: "I know, but this is redirect examination, and it is difficult to make this witness . . . ." The. Court: "I realize that." Mr. Stambaugh: "I will not go any further with it." These are all the objections that seem to have been made to so-called leading questions, and no ruling was made thereon.

There must have been a manifest abuse of discretion by the trial court in permitting a party to ask leading questions of a witness, before a case will be reversed on that ground. It must have influenced the answer, and injury must have resulted.

8 Enc. Ev. p. 161.

Leading questions are discretionary with the trial court, and not ground for reversal, unless it appears from the answers of the witness that he was influenced in making them by the form of the questions. Reddin v. Gates, 52 Iowa, 210, 2 N. W. 1079.

It is elementary that the trial court has a large discretion in permitting leading questions.

Appellant claims that the evidence is insufficient to justify the verdict, and says: "It is conceded here, as it was conceded in the court below, that no force or fear is necessary to be shown if sexual intercourse is proven upon a female child under the age of consent. Testimony as to force or fear in such a case would be wholly immaterial. It must also be conceded here, as it was in the court below, that there is not sufficient evidence, in the case at bar, to sustain a verdict for an assault with intent to commit rape upon a woman above the age of consent. The question in this case is therefore narrowed down as to the amount or character of force or fear necessary to constitute an assault with intent to commit rape upon a child under the age of consent. If rape is accomplished upon a child under the age of consent, the degree of force sufficient to accomplish the sexual act is by law made sufficient to constitute the crime, no other degree of force or fear than the accomplished act is necessary to be shown; but upon a charge of an assault with intent to commit rape upon such child,—the rape in fact not having been committed,—the amount of force is material as showing the intent or lack of intent. The gist of the offense charged is the intent with which the act was done. Defendant must have intended to commit a rape. To constitute such intent he must have had a purpose, not only to have sexual intercourse with the prosecutrix, but must have intended also to use whatever degree of force might be necessary to overcome her resistance and accomplish his object," and cites a large number of cases to sustain this contention, among which are State v. Canada, 68 Iowa, 397, 27 N. W. 288; Johnson v. State, 27 Neb. 687, 43 N. W. 425; Krum v. State, 19 Neb. 728, 28 N. W. 278; Skinner v. State, 28 Neb. 814, 45 N. W. 53; Dunn v. State, 58 Neb. 807, 79 N. W. 719; State v. Biggs, 93 Iowa, 125, 61 N. W. 417; State v. Kendall, 73 Iowa, 255, 5 Am. St. Rep. 679, 34 N. W. 843; Moore v. State, 79 Wis. 546, 48 N. W. 653. The prosecutrix in each of these cases was over the age

20 N. D.—36.

of consent. Hence they are not in point. In People v. Toutant, 133
Mich. 520, 95 N. W. 541, the record does not show the age of the
prosecutrix.

The cases cited by appellant (where the female was under the age
of consent) which he claims support his contention that the rule is
the same in an assault with an intent to commit rape whether the prose-
cutrix is old or young, can, we think, be distinguished from the case
at bar.

In Cromeans v. State, — Tex. Crim. Rep. —, 129 S. W. 1129,
the prosecutrix was fourteen years old and the defendant sixteen.
The prosecutrix was going through a gate when the defendant, who
was on the other side of the gate, made indecent proposals to her.
She declined, and he took hold of her hand. She jerked her hand
away, and he laid his hand on her arm, when she passed on, and he
molested her no further. The court reversed the conviction. The
court uses this language: "We hold that the evidence, taking all the
circumstances, the age of the parties, the surroundings, the meager-
ness of the interview, the few words, the slight act of touching, does
not justify the verdict. We do not intend to be understood by any-
thing in the foregoing utterances as holding that nothing short of an
indecent handling of a child would be sufficient, when coupled with
an intent to have carnal knowledge of her, to constitute or show an
assault to rape, but do think and do hold that some act that can be
fairly, according to human experiences, characterized as having an
immediate relation to and preparation or the bringing about of a condi-
tion under which intercourse could be accomplished, must be shown
by the proof before guilt ought to be inferred, otherwise a mere touch-
ing of the person of a woman, with a lascivious purpose (inasmuch as
in such case there is an intent based on condition either of consent or
force to have carnal knowledge), would be sufficient to constitute the
offense."

In People v. Dowell, 136 Mich. 306, 99 N. W. 23, the prosecutrix
was fifteen years old. The respondent was a neighboring farmer
fifty-four years old, and lived with his family. The prosecutrix testi-
fied that at her house, defendant, in the presence of her mother and
his own wife, followed her into the pantry, put his arm around her
neck, kissed her, and invited her to his house. The prosecutrix fur-

ther testified that after that she went to the house of the defendant for duck eggs. He asked her to go through the woods and he would go with her. She told him, "No," she would go around the road, and then he took her by her arm, tried to pull her into a shed, and she would not go. The court says: "The intent is the gist of the offense, and every laying on of hands upon a female under the age of consent, even though improper, does not necessarily imply an intent to have sexual intercourse. Indecent liberties may be taken with a child without any such intent. The statute recognizes this in providing a penalty for taking indecent and improper liberties with a female child, without intending to commit the crime of rape." We have no such statute.

In Stephens v. State, 107 Ind. 185, 8 N. E. 94, the defendant took some liberties with a female child under the age of consent. The supreme court, by a divided court, reversed the judgment of conviction. This case, however, was later overruled by the case of Murphy v. State, 120 Ind. 115, 22 N. E. 106, by the same court. The court says in speaking of the case of Stephens v. State: "We are not willing to adhere to that case. The statute having made the act of sexual intercourse with a female child under twelve years of age a crime, it must follow as a logical conclusion that the abuse of her person with a view to the accomplishment of that act constitutes an assault and battery with the intent to commit a rape, if sexual intercourse does not take place. If, under the law, a female under twelve years of age is incapable of giving her consent to the act of sexual intercourse, then she is equally incapable of consenting to all familiarity with her person that necessarily precedes the consummation of the act. It was not the intention of the legislature that a female under twelve years of age, because of her tender years, should be protected from an accomplished act of seduction, but left entirely unprotected from all of the defiling acts of the seducer that lead up to her seduction. Whenever sexual intercourse is attempted with a female under twelve years of age, whether with or without her consent, there exists a felonious intent on the part of the male; and if the attempt miscarries, but in what is done there is a touching of the person of the female, it is an unlawful touching, in a rude and insolent manner, and constitutes an assault and battery, and, with the felonious intent which is present, is an assault and

battery with intent to commit a felony. We cannot imagine how it is possible for one person to touch the person of another, intending thereby to commit a felony, without the act of touching being rude, insolent, and unlawful."

The great weight of authority is against the contention of appellant, that the rule is the same on an assault with intent to commit rape, whether the prosecutrix is old or young. The true rule seems to be that if the assault was made under such circumstances that the act of sexual intercourse, if it had been accomplished, would have been a rape, then the accused is guilty of assault with intent to commit rape.

In case of Liebscher v. State, 69 Neb. 395, 95 N. W. 870, 5 A. & E. Ann. Cas. 351, the court says: "But where (as is the rule in most states) a connection with a female child under the age of consent is considered as rape, it is almost universally held that an attempt to have such connection is an assault with intent to commit rape, the consent of this child being wholly immaterial."

An exhaustive note cites the following-named states as supporting the rule: California, Dakota, Delaware, Florida, Georgia, Illinois, Indiana, Iowa, Massachusetts, Michigan, Mississippi, Missouri, Nebraska, New Jersey, New York, North Carolina, Oregon, Texas, Vermont, Virginia, Washington and Wisconsin. The following cases are also in point: Territory v. Keyes, 5 Dak. 244, 38 N. W. 440; People v. McDonald, 9 Mich. 150; Hays v. People, 1 Hill, 351; Singer v. People, 13 Hun, 418; Brown v. State, 6 Baxt. 422; People v. Lourintz, 114 Cal. 628, 46 Pac. 613; State v. Wray, 109 Mo. 594, 19 S. W. 86; State v. Grossheim, 79 Iowa, 75, 44 N. W. 541; Polson v. State, 137 Ind. 519, 35 N. E. 907; State v. Sargent, 32 Or. 110, 49 Pac. 889; Farrell v. State, 54 N. J. L. 416, 24 Atl. 723; Re Lloyd, 51 Kan. 501, 33 Pac. 307; Comer v. State, — Tex. Crim. Rep. —, 20 S. W. 547; Addison v. People, 193 Ill. 405, 62 N. E. 235; Murphy v. State, 120 Ind. 115, 22 N. E. 106; 2 Am. & Eng. Enc. Law, p. 988; 10 Enc. Ev. p. 586, and cases in note 20; People v. Goulette, 82 Mich. 36, 45 N. W. 1124; Com. v. Roosnell, 143 Mass. 32, 8 N. E. 747; Crew v. State, — Tex. Crim. Rep. —, 22 S. W. 973; State v. Shroyer, 104 Mo. 441, 24 Am. St. Rep. 344, 16 S. W. 286; State v. Mathews, 202 Mo. 143, 100 S. W. 420; Austin v. State, 51 Tex. Crim. Rep. 327, 101

S. W. 1162; State v. Katon, 47 Wash. 1, 91 Pac. 250; Tuttle v. State, 83 Ark. 379, 104 S. W. 135; Boyd v. State, 74 Ga. 356; Hanes v. State, 155 Ind. 112, 57 N. E. 704; State v. Jerome, 82 Iowa, 749, 48 N. W. 722; State v. Prather, 136 Mo. 20, 37 S. W. 805; Wilson v. State, — Tex. Crim. Rep. —, 73 S. W. 16; Glover v. Com. 86 Va. 382, 10 S. E. 420; State v. Juneau, 88 Wis. 180, 24 L.R.A. 857, 43 Am. St. Rep. 877, 59 N. W. 580; People v. Roach, 129 Cal. 33, 61 Pac. 574; People v. Courier, 79 Mich. 366, 44 N. W. 571.

In State v. Shroyer, 104 Mo. 441, 24 Am. St. Rep. 344, 16 S. W. 286, the accused entered a room in which a fourteen-year-old girl was sleeping. He touched her arm, and lay down close to her. He then commenced to unbutton his pants, when an alarm was raised by an elder sister who was sleeping in the same room, and the accused ran off. Held, there was evidence to sustain a conviction for an assault with intent to rape.

In Hanes v. State, 83 Ark. 379, 104 S. W. 135, defendant, a man of mature years, followed a girl, who had not yet attained the age of consent, into a barn, where he put his arm about her, and tried to throw her down, at the same time telling her that he would not hurt her. It was also shown that he had, on previous occasions, followed the girl and attempted to make arrangements with her to see her privately. Held, sufficient to warrant a verdict of assault and battery with intent to commit rape.

In Addison v. People, 193 Ill. 405, 62 N. E. 235, it was held that a man over sixteen years of age who attempts by any act to have carnal knowledge of a girl under fourteen years, may be convicted of an assault with intent to commit rape, although he makes no attempt to use force.

In People v. Roach, 129 Cal. 33, 61 Pac. 574, the court says: "There were certain unmentionable acts on his part which clearly showed his intent to have sexual intercourse with the girl, and from all the facts and circumstances we think it sufficiently appeared that his intent was to have carnal intercourse with the girl. If he had succeeded it would have been rape, with or without force and with or without her consent, and it must follow that as his intent was to violate the person of the girl, it constituted an assault with intent to commit rape."

The following language of the learned trial court, in denying defendant's motion for a new trial, meets with our approval: "After hearing counsel at length, I am persuaded that to grant this motion would require the state, in cases of assault with intent to commit rape upon a female under the age of consent, to produce more testimony than would be required to convict of the offense of rape itself. In other words, if the crime of rape can be committed upon a female under the age of consent without the perpetrator having used force, then it seems to me that the element of force is necessarily removed from the consideration of the question involved, and the only remaining question would be whether the defendant actually intended, even without force, to commit the act, and added to that intent the asasult."

In absence of a statute or rule of law requiring corroboration, no corroboration of the prosecutrix is necessary to convict for an assault with intent to commit rape. 33 Cyc. Law & Proc. p. 1512, and cases cited; State v. Rhoades, 17 N. D. 580, 118 N. W. 233.

Appellant next insists that the court erred in not of its own motion charging the jury upon the elementary law set forth in his 19th, 20th, 21st, 22d, 23d, and 24th assignments of error. It would render this opinion too long to set forth these assignments of error in full. Suffice it to say that the 19th assignment complains of the court neglecting and omitting in the charge to the jury to caution them that no class of prosecutions are attended with so much danger, or which afford so ample an opportunity for the free play of malice and private vengeance, as rape cases, and that when the state's case rests wholly upon the sole testimony of the prosecutrix, they should be cautious ·in rendering a conviction on such uncorroborated testimony, and cautioning them against the danger of prejudice and popular excitement, unconsciously influencing their verdict.

The 24th assignment relates principally to the neglect of the court to charge the jury that the defendant could not be convicted unless the assault was made with intent to overcome the resistance which might be offered by her, to view the testimony with great caution, etc.; not to allow the gravity of the charge, nor the fact that the defendant is a Japanese and the prosecuting witness a white girl, to in any way sway or bias the judgment of the jury. Suffice it to say that before the charge was given it was reduced to writing and submitted to the coun-

sel for the state and the defendant, and they were asked. if they had any exception to the written charge. Both counsel replied in the negative. What we have hereinbefore stated as to the law of the case disposes of appellant's 20th, 21st, 22d, and 23d assignments of error. No requests for instructions were made by either party. The charge of the court to the jury fully and fairly states the law, and is as favorable to the defendant as he is entitled to.

The defendant next complains of the misconduct of counsel for the state in argument. We have carefully examined the record in regard to the remarks complained of. In our opinion counsel for the state made no remarks in the arguments not warranted by the evidence.

These are the principal assignments relied upon by counsel for appellant, and are the only ones argued by him. We have, however, examined the other assignments of error and find there is no merit in them. The defendant has had a fair and impartial trial, was found guilty by the jury, and the trial court refused to set aside the verdict. After a careful examination of the record we are convinced that no error was committed.

The orders and judgment appealed from are affirmed. All concur.