BILL ROSE v. STATE.

No. A-5091.   Opinion Filed Nov. 20, 1925.
(240 Pac. 754.)

A. L. Herr, for plaintiff in error.

George F. Short, Atty. Gen., and V. P. Crowe, Asst. Atty. Gen., for the State.

EDWARDS, J.   From a conviction in the district court of Grady county for an attempt to rape, the plaintiff in error, hereinafter called defendant, has appealed.

The information is not clear whether the pleader sought to charge the defendant with an attempt to rape or

of an assault with intent to commit rape. The allegations are probably sufficient under either statute; but the trial court evidently took the view that the information charged an attempt to rape and instructed the jury upon the law of that offense. The verdict of the jury is general, finding the defendant guilty of the crime charged, and fixing his punishment at one year in the penitentiary.

The record discloses a state of facts about as follows: Emily Balch, an unmarried female, 19 years of age, was employed at the Geronimo Hotel. On the date of the offense charged, she left her place of employment to go to her home where she resided, but missed the street car she intended to take, and the defendant, a married man who was a service car driver, proffered to take her home. She thereupon got in the car, and the defendant instead of taking her home, over her protest, drove out of town, and, upon her insisting that he take her home, defendant took hold of her arm and put his hand on her breast, and in the course of the drive attempted to put his arm around the prosecutrix and put his hands under her dress, but, on the refusal of the prosecutrix to permit any familiarity, he desisted. The prosecutrix made no outcry. Finally the defendant stopped his car and got out, and the prosecutrix then got out of the car, left the defendant and took another car, and returned to her home.

The sufficiency of the evidence to sustain a conviction for an attempt to commit a rape is challenged. The prosecutrix being above the age of 18 years, a consideration of statutory rape is not necessary, for, if the defendant attempted to commit a rape, it must be rape by force, under the fourth subdivision of section 1834, Comp. St. 1921. This section of the statute defines rape as an act of sexual intercourse accomplished with a female, not the wife of the perpetrator where she resists, but her resistance is overcome by force and violence. Then, in order to constitute

the crime of attempt to commit a rape, it is essential that the state prove that the defendant attempted to accomplish an act of sexual intercourse with the prosecutrix by force and violence to overcome her resistance, and the doing of some act toward the commission of such crime, but failed or was prevented or intercepted in the perpetration thereof. An attempt is defined in section 2297, Comp. St. 1921. In order to convict a defendant of an attempt to commit rape upon a female above the age of 18 years, there must be proven a specific intent to use the force necessary to accomplish such purpose, notwithstanding the resistance of the female, and also some overt act. When the evidence proves no more than solicitation to have sexual intercourse and a technical assault while urging such solicitation, it is insufficient. State v. Kendall, 73 Iowa, 255, 34 N. W. 843, 5 Am. St. Rep. 679.

This case must be determined upon the facts presented by the record, and the conduct of the defendant, while reprehensible in the extreme, and while he is deserving punishment, yet the acts disclosed by the record fall short of proving an attempt to commit rape by force and violence, overcoming the resistance of the prosecuting witness. It shows rather an effort to seduce or, since the defendant was a married man, to commit adultery with the prosecuting witness. The evidence, viewed from the state's standpoint, at the best makes out no more than an extreme case of assault and battery.

For the reasons assigned, the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.